MELLON, Secretary of the Treasury, v. UNITED STATES ex rel. CHAS. Mc-CAUL CO.

(Court of Appeals of District of Columbia. Submitted December 1, 1924. Decided February 2, 1925.)

No. 4212.

1. United States ⊂⊃74—Post office contractor, who completed work on subcontractor's default and recovered for loss against subcontractor's surety, not entitled to relief under statute.

Under Act Aug. 25, 1919 (Comp. St. Ann. Supp. 1923, § 6923a), providing for relief to post office contractors who sustained loss by reason of increase in cost of construction due to World War, and providing that reimbursement shall not "include any advance or payments made by the sureties of such contractor or subcontractor in executing the work," contractor, who completed work on subcontractor's default and recovered loss in action against subcontractor's surety, was not entitled to relief.

2. United States ⊂⊃74—Surety on post office subcontractor's bond held not entitled to relief under statute.

Subcontractor's surety, who did not complete the work of defaulting subcontractor or furnish financial assistance for completion thereof, and who did not pay contractor's loss until recovery of judgment therefor on the bond, was not entitled to relief under Act Aug. 25, 1919 (Comp. St. Ann. Supp. 1923, § 6923a), notwithstanding contractor completed work with "acquiescence of surety."

3. United States ⊂⊃74—Provisions of statute for relief of contractors and sureties should not be enlarged by doubtful construction.

Act Aug. 25, 1919 (Comp. St. Ann. Supp. 1923, § 6923a), providing for relief to post office contractors who sustained loss by reason of increased cost in construction because of war, and for relief to contractors' sureties completing work or extending financial assistance, should not be enlarged by doubtful construction.

Appeal from Supreme Court of District of Columbia.

Mandamus by the United States, on the relation of the Chas. McCaul Company, against Andrew F. Mellon, Secretary of the Treasury. Peremptory writ issued, and respondent appeals. Reversed and remanded, with directions.

Peyton Gordon, of Washington, D. C., for appellant.

W. C. Prentiss, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The relator, the Chas. McCaul Company, sought a writ of mandamus to compel the respondent, the Secretary of the Treasury, to take jurisdiction and pass upon a certain claim filed by the relator under the provisions of an act of Congress approved August 25, 1919 (Comp. St. Ann. Supp. 1923, § 6923a), entitled "An act for the relief of contractors and subcontractors for the post offices and other buildings and work under the supervision of the Treasury Department, and for other purposes." 41 Stat. 281. The respondent filed an answer to the petition, to which the relator demurred. The court sustained the demurrer, and, the respondent electing to stand upon his answer, a peremptory writ of mandamus was issued against him. This appeal challenges the lower court's ruling upon the demurrer.

The statute in question among other things provides that the Secretary of the Treasury shall receive claims and reimburse contractors and their subcontractors for the construction of post offices under the supervision of the Treasury Department, whose contracts were awarded prior to the entrance of the United States into the war with Germany, to wit, April 6, 1917, and whose contracts have been or will be completed after that date, for loss due directly to increased costs thereafter arising, due to increasing cost of labor or material, shown to the Secretary of the Treasury to have been sustained by them in the fulfillment of such contracts by reason of war conditions alone; but in no case shall the contractor or subcontractor be reimbursed to an extent greater than is sufficient to cover the actual increased cost in fulfilling his contract or subcontract, nor shall such reimbursement include any advance or payments made by the sureties of such contractor or subcontractor in executing the work, but the surety on any contract coming within the provisions of the act, who as surety has completed, or may complete, the work of any defaulting contractor on any such contract, or who has furnished financial assistance to a failing contractor on any such contract whereby such contractor has been enabled to complete such contract, may file a claim and be reimbursed for the increased cost due to the causes already specified of the labor and material supplied in so completing any such contract, or for the increased cost of the labor and material paid for from funds so furnished by such surety.

It appears that prior to April 6, 1917, the Chas. McCaul Company entered into a con-

tract with the United States for the completion of a certain federal post office building at Alliance, Ohio, and sublet the plumbing and heating work to the Young Plumbing & Heating Company. The subcontract was secured by a bond in the penal sum of $3,500, with the Maryland Casualty Company as surety. The plumbing company defaulted, whereupon The McCaul Company completed the plumbing and heating work at a cost which exceeded the price fixed in the subcontract by $3,646.67. The McCaul Company then filed a claim with the Secretary of the Treasury for losses sustained under its contract with the government by reason of war conditions, and included therein an item of $2,857.79 for loss on the plumbing and heating work. In the meantime it also proceeded against the Maryland Casualty Company, as surety upon the subcontractor's bond, and recovered judgment in the sum of $3,500. The Secretary of the Treasury reserved consideration of the item of $2,857.79 aforesaid, pending proof of the inability of the relator to collect its judgment against the surety. The surety then paid the amount of the judgment to the relator, but the latter nevertheless continued to press its claim before the Secretary, in the interest of the surety and as a method of reimbursing it for its loss. The Secretary thereupon refused to consider or pass upon the item, upon the ground that the facts excluded it from the purview of the statute. This action was overruled by the lower court in the decree now upon appeal.

[1, 2] The provisions of the act in question do not permit of the allowance of the relator's claim. They specify that in no case shall reimbursement to a contractor or subcontractor under the act include any advances or payments made by a surety of such contractor or subcontractor. This provision effectually denies the present claim, since it consists wholly of a payment made by the surety. It is true that the payment was not made until after the claim was presented to the Secretary, but the respondent was entitled to plead it in the suit if made at any time before answer. Thompson v. United States, 103 U. S. 480, 483, 26 L. Ed. 521; Northern Pacific Railway v. Washington ex rel. Dustin, 142 U. S. 492, 508, 12 S. Ct. 283, 35 L. Ed. 1092. In respect to sureties the act provides that if any surety, as surety, has completed the work of a defaulting contractor, or furnished financial assistance to a failing contractor, whereby such contractor has been enabled to complete his contract, such surety may file a claim for reimbursement for losses sustained by reason of war conditions such as are defined in the act. This specific provision is the only remedy afforded to sureties by the act. Consequently, even if the present claim had been presented directly by the surety, it could not be allowed, for the surety did not complete the work of a defaulting contractor, nor furnish financial assistance to a failing contractor by means of which the latter completed his contract.

[3] The enactment in question was not a mere act of grace towards those who had entered into public contracts of this kind, but was also a method of inducing and assisting such contractors to fulfill their contracts in the interests of the public service. Accordingly its benefits were limited to those "whose contracts have been or will be completed after said date, for loss due directly to increased costs thereafter arising, * * * shown to the Secretary of the Treasury to have been sustained by them in the fulfillment of such contracts by reason of war conditions alone." This classification does not include a subcontractor, who fails or refuses to complete his work, leaving the principal contractor to do so, nor the surety of such a subcontractor, who does no more than pay a judgment recovered in such case upon his bond by the principal contractor. It is true that the petition in this case states that the contract was completed by the McCaul Company with the "acquiescence" of the surety, but that statement is immaterial. Moreover, the provisions of the statute should not be enlarged by doubtful construction.

The judgment of the lower court is reversed, with costs, and the cause is remanded, with directions to overrule the demurrer, and for such other proceedings as may be consistent with this opinion.

Petition for allowance of writ of error to remove case to the Supreme Court of the United States denied March 14, 1925.