MELLON, Secretary of the Treasury, v.
UNITED STATES ex rel. CLAYTON
et al.

Court of Appeals of District of Columbia.
Submitted April 2, 1928.   Decided
May 7, 1928.

No. 4680.

United States ⬦74—Contractor, completing
post office in November, 1917, held entitled
to reimbursement for increased costs, though
contract required completion before April 6
(Act Aug. 25, 1919, as amended by Act March
6, 1920 [40 USCA §§ 271, 272]).

Under Act Aug. 25, 1919, as amended by
Act March 6, 1920 (40 USCA §§ 271, 272),
providing for reimbursement to contractors con-
structing or repairing post offices and other
buildings under supervision of Treasury De-
partment for increased costs resulting from en-
trance of United States into war with Germany
on April 6, 1917, contractor, constructing post
office under contract requiring completion prior
to April 6, but not actually completed until
about the 1st of November, 1917, *held* entitled
to reimbursement for losses resulting from in-
creased costs, since the date of actual, and not
of contractual, completion determines right to
relief.

Appeal from the Supreme Court of the
District of Columbia.

Application for a writ of mandamus by
the United States, on the relation of Marcus
McLean Clayton and others, against Andrew
W. Mellon, Secretary of the Treasury. From
an order granting the writ, respondent ap-
peals. Affirmed.

Peyton Gordon and L. A. Rover, both of
Washington, D. C., for appellant.

W. R. Harr and C. H. Bates, both of
Washington, D. C., for appellees.

Before ROBB and VAN ORSDEL, As-
sociate Justices, and SMITH, Judge of the
United States Court of Customs Appeals.

SMITH, Acting Associate Justice.   This
is an appeal from an order directing a writ
of mandamus to issue, commanding the re-
spondent and appellant to do the things re-
quired of him by law with respect to the
claim arising out of a contract entered into
by George A. Clayton with the United States.

The relators, on November 6, 1925, filed
a petition praying that a writ of mandamus
be issued, directing the Secretary of the
Treasury to perform the duty imposed upon
him by the following provisions of the Act
of August 25, 1919, as amended by the Act of
March 6, 1920:

" * * * The Secretary of the Treasury
is hereby authorized and directed, under such
regulations as he may prescribe to receive
fully itemized and verified claims and reim-
burse contractors for the construction, · im-
provement, special repair, equipment, or fur-
nishing of post offices and other buildings or
work under the supervision of the Treasury
Department * * * whose contracts were
awarded or whose bids as thereafter accepted
were mailed or delivered to the proper gov-
ernmental authority prior to the entrance of
the United States into the war with Germany,
to wit, April 6, 1917, and whose contracts
have been or will be completed after said
date, for loss due directly to increased costs
thereafter arising, due either, first, to in-
creased cost of labor or materials, or second,
to delay on account of the action of the Unit-
ed States Priority Board or other ·govern-
mental activities, or third, to commandeering
by the United States government of plants or
materials shown to the Secretary of the
Treasury to have been sustained by them in
the fulfillment of such contracts by reason
of war conditions alone. * * * " See
Act Aug. 25, 1919, 41 Stat. 281 (40 USCA
§ 271).

"Relief of contractors:   Toward the
amount necessary for the payment of claims
of contractors * * * arising under the
act * * * approved August 25, 1919,
$500,000: Provided, that the Secretary of the
Treasury is authorized to make partial pay-
ments of any claim payable under said act
and to make payment for any and all loss
and expense (exclusive of profits) incurred
by a contractor or subcontractor in fulfilling
his contract or subcontract with the Treasury
Department in excess of the amount which
such contractor or subcontractor may receive
under the terms of his contract or subcon-
tract, if such loss and expense were, in the
opinion of the Secretary of the Treasury, due
to war conditions." See Act March 6, 1920,
41 Stat. 507 (40 USCA § 272).

The petition alleges that on the 4th of
August, 1915, George A. Clayton entered in-
to a contract with the United States for the
construction of a post office and courthouse
building at Opelika, in the state of Alabama;
that said contract provided, among other
things, that the work contemplated by it
should be completed on or before the 4th
of February, 1917, the contractor to pay a
stipulated penalty for any delay chargeable
to him, and to have an extension of time in
case delay was caused by the government;
that the government had the right to forfeit
the contract in case the contractor failed to
perform the obligations imposed upon him
thereby; that prior to April 6, 1917, various
causes operated to delay performance by the

contractor, but that the government permitted him to proceed with the construction work until it was finally completed on or about the 1st of November, 1917; that in accordance with the said act, and the instructions and regulations of the Secretary of the Treasury as to the presentation of claims thereunder, George A. Clayton, the contractor, submitted to the Secretary of the Treasury a duly verified claim for the increased costs occasioned to him after April 6, 1917, by war conditions; that, notwithstanding the submission of said claims and the contractor's proffer, prior to June, 1924, of evidence establishing the various items of loss sustained by him because of war conditions, the Secretary of the Treasury refused to consider the contractor's claim or evidence; that the Secretary refused to entertain said claim on the ground that the acts hereinbefore referred to authorized him to consider claims arising on those contracts only which fixed a date for their performance subsequent to April 6, 1917, or which were performed after that date by reason of acts or omissions on the part of the government or by reason of extensions of time to the contractor provided for in the contract.

Respondent's amended answer to the petition admits the presentation of the claim for losses incurred by the contractor in fulfilling his contract and alleges in effect that the evidence submitted to the respondent by the contractor established that losses and increased costs had been incurred by the contractor subsequent to April 6, 1917. The amended answer also avers that the contract required that the work therein provided for should be completed on or before the 4th of February, 1917; that such work was not completed until the 1st of November, 1917, and that no extension of time was granted for the performance thereof; that the failure to perform said contract within the time therein prescribed was due to no fault of the government, but that the contractor was permitted by the government after April 6, 1917, to carry on his work and to complete his contract; that for the reason that the contract, without fault of the government, was not performed within the time agreed or any extension thereof, the respondent refused to allow the contractor's claim for losses.

To that answer the petitioners demurred, on the ground that the facts admitted and averred therein entitled the relators to the relief for which they prayed. The court sustained the demurrer, and, the respondent electing to stand upon his amended answer,

it was adjudged and ordered that a writ of mandamus issue, directing the Secretary of the Treasury to perform the duty imposed upon him by law with respect to the claim of the relators, without regard to the fact that the contract involved fixed a date prior to April 6, 1917, for its performance. From that order an appeal to this court was taken by the Secretary of the Treasury.

The respondent contends that under the Act of August 25, 1919, as amended by the Act of March 6, 1920, no one who has contracted with the United States government to complete the erection of a post office or courthouse building prior to April 6, 1917, is entitled to the reimbursement provided by said acts, if, without fault of the government and without any extension of time for performance, the contract was not completed until after the declaration of war against Germany.

We cannot sustain that contention. The purpose of the Act of August 25, 1919, and of the amendment thereto in 1920, was to relieve certain contractors from losses occasioned by war conditions, which could not be anticipated at the time the contracts were executed. The contractors entitled to that relief were those whose contracts were awarded prior to April 6, 1917, and completed after that date. Clayton's contract with the government for the erection of the post office and courthouse at Opelika was entered into prior to April 6, 1917, and was not completed until about the 1st of November, 1917. That contract was, therefore, subject to the provisions of the acts of Congress hereinbefore cited, unless it is excluded therefrom because of the date specified therein for performance thereof and the failure to secure an extension of time for the completion of the work.

As the statute does not exclude from its operation contracts which required performance prior to April 6, 1917, and which, without fault of the government, were performed after that date, the courts have no right to insert in the statute an exception which Congress did not choose to make. The date prescribed by the contract for the completion of the post office and courthouse, and the date upon which the buildings were actually completed are not identical conceptions, and the expression of one of them does not necessarily imply the other. The statute is operative as to all contracts which were entered into prior to the declaration of war against Germany, if they were completed after that declaration, and resulted in losses to the contractor because of war conditions. The law as worded by Congress takes no ac-

count of the date stipulated for the performance of the contract, or of the penalties which may be imposed under the contract for delaying completion of the work beyond the time prescribed by the agreement. The statute concerns itself only with the date of the execution of the contract, the date of the actual completion of the contract, and the nature of the losses incurred. The fact that the government may be entitled to the penalties provided for delay in the completion of work is not at all inconsistent with the right of the contractor to reimbursement for losses incurred arising out of war conditions. *Under the contract,* the government may, unless it waives them, exact the penalties which have accrued; and *under the statute,* the contractor may claim and recover the losses occasioned by war conditions in performing a contract entered into prior to April 6, 1917, and completed after that date.

The date of actual, and not of contractual, completion determines the contractor's right to present his claim, and the Secretary of the Treasury was not warranted in declining to consider it on the ground that the contract provided for the completion of the work prior to April 6, 1917, and for the imposition of penalties in case the contractor failed to comply with that obligation. The contractor completed his contract with the consent of the government, and was not a defaulting contractor in the sense that he failed or refused to complete the work contemplated by the agreement. Mellon v. United States ex rel. Chas. McCaul Co., 55 App. D. C. 204, 4 F.(2d) 170, upon which respondent relies is, therefore, not in point, and cannot be applied to the facts of this case.

The order from which the appeal was taken is affirmed, with costs.

Affirmed.