PORTER, Price Administrator, v. McRAE.

No. 3269.

Circuit Court of Appeals, Tenth Circuit.

April 29, 1946.

Max Melville, Regional Litigation Atty., Office of Price Administration, of Denver, Colo. (George Moncharsh, Deputy Administrator for Enforcement, Milton Klein, Director, Litigation Division, David London, Chief Appellate Division, and Jack Werner, Atty., Office of Price Administration, all of Washington, D. C., on the brief), for appellant.

Clarence L. Bartholic, of Denver, Colo., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Chester Bowles, Administrator of the Office of Price Administration, appeals from an order dismissing his cause of action against Gretchen McRae to recover statutory damages for past violations, and to enjoin future violations of Rent Regulation for Housing (8 F.R. 7322), issued under Section 2(b) of the Emergency Price Control Act of 1942, as extended and amended. 58 Stat. 640, 50 U.S.C.A.Appendix § 901 et seq.

Appellee, Gretchen McRae, is the owner of two apartments in Colorado Springs, which she rented for the first time in September 1944. Under the Rent Regulation for Housing, Section 4(e), the owner had the right to fix the maximum rent for each apartment, subject to an adjustment by the Rent Director for that area. Section 5(c). In registering the property with the Rent Director, as required by Section

7 of the Rent Regulation, appellee listed the maximum rent for Apartment No. 1 at $15 per week and for Apartment No. 2 at $18.75 per week. Each registration statement contained a notation to the effect that an extra charge of $1 per day would be made for each additional occupant over two.

In November the Rent Director, acting in pursuance of Section 5(c) of the Rent Regulation, decreased the maximum rent for the "described accommodations" from $18.75 per week and $15 per week to $6 per week, with the landlord furnishing linens, towels, bedding and dishes; and, from $18.75 per week and $15 per week to $5 per week if the landlord did not furnish linens, towels, bedding and dishes. The orders were silent concerning the $1 extra charge for additional occupants, as noted in the statement of registration. But, each order recited that "no rent in excess of the maximum rent established by this order may be received or demanded." The orders were affirmed on review to the Regional Rent Director and appellee filed an appeal to the Office of Price Administration, which was pending when the Administrator filed this action.

The complaint alleged specific violations in demanding and receiving rents in excess of the maximum established by the Director's orders. Appellee's defense was, and is, that since the apartments were, at all times complained of, occupied by more than two people the rent received was legal under the registration statement, which was not nullified or changed by the Direc-tor's orders. At the pre-trial conference the Administrator admitted that each of the apartments was occupied by more than two persons, and that the alleged excessive charges represented $1.00 per day for each additional occupant over two. It was contended, however, that the orders reducing the rent for the "accommodations" to $6 per week with the landlord furnishing linens, towels, bedding and dishes, and $5 per week if the landlord did not furnish linens, towels, bedding and dishes, forbade any additional charge for the occupancy of the apartments regardless of number. On the issues thus presented, the trial court dismissed the complaint, entered judgment for the landlord, and this appeal followed.

Section 4(e) (3) of the Rent Regulation for Housing,[1] when translated into the common speech of man means that when a housing accommodation is not rented during the period in which the maximum rent is established or the effective date of the Act, the landlord may fix the first, rent subject to limitations not material here, provided that within thirty days after the renting he registers the accommodations with the Administrator as provided in Section 7 of the Regulation. The rent thus fixed becomes the maximum rent under the Regulation, unless and until decreased by the Administrator, as provided in Section 5(c).

The registration statement, required under Section 7,[2] identifies the rented accommodation and the amount of the first rent, and contains such other information as the Administrator "shall require." Un-

---

[1] Section 4 (e) (3) pertinently provides: "Maximum rents (unless and until changed by the Administrator as provided in Section 5) shall be: * * * (3) housing accommodations not rented at any time during the two months ending on the maximum rent date nor between that date and the effective date, the first rent for such accommodations after the change or the effective date, as the case may be, but in no event more than the maximum rent provided for such accommodations by any order of the Administrator issued prior to September 22, 1942. Within 30 days after so renting the landlord shall register the accommodations as provided in section 7. The Administrator may order a decrease in the maximum rent as provided in section 5 (c)."

[2] Section 7 (a) pertinently provides: "Registration statement. On or before the date specified in Schedule A of this regulation, or within 30 days after the property is first rented, whichever is the later date, every landlord of housing accommodations rented or offered for rent shall file in triplicate a written statement on the form provided therefor to be known as a registration statement. The statement shall identify each dwelling unit and specify the maximum rent provided by this regulation for such dwelling unit and shall contain such other information as the Administrator shall require. * * * *"

der Section 5(c) of the Regulation,[3] the Administrator may at any time, on his own initiative or on application of the tenant, order a decrease of the first rent, as fixed and charged by the landlord, if he finds that such rent is higher than the rent generally prevailing in the defense area for comparable housing accommodations on the date when the maximum rents for that particular defense area were fixed.

Of course, it is clear beyond doubt that the Administrator is authorized to decrease the rent as fixed by the landlord under Section 4(e) for accommodations of this type. If the appellee was aggrieved by such order her remedy is elsewhere, not here. Yakus v. United States, 321 U.S. 414, 427, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Griffin, 5 Cir., 151 F.2d 458; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741. Our sole province is to interpret the order fixing the allowable maximum rent for the described accommodations.

It is true that the Administrator's order decreasing the maximum allowable rent for the accommodations does not mention or specifically rescind the notation in the registration statement to the effect that $1 per day will be charged for each occupant over two, but the rent order concerned itself with the accommodations, not with the number of occupants. The legal effect of the order was all inclusive, and established the maximum rent which could be charged for the accommodations, regardless of the number of occupants. The fact that the order did not mention or specifically nullify the notation on the registration statement to the effect that $1 per day would be charged for each occupant over two, certainly gave the landlord no authority to charge more than the maximum established rent for the accommodations.

We conclude that the order, by its terms, precluded the appellee from charging more than $6.00 per week, with the landlord furnishing linens, towels, bedding and dishes and $5.00 per week if the landlord did not furnish linens, towels, bedding and dishes, regardless of the number of occupants.

The judgment is reversed and the case remanded with directions to proceed in accordance with the views expressed herein.

---

[3] Section 5 (c) provides: "Adjustments and other determinations. Grounds for decrease of maximum rent. The Administrator at any time, on his own initiative or on application of the tenant may order a decrease of the maximum rent otherwise allowable only on the grounds that: (1) Rent higher than rents generally prevailing. The maximum rent for housing accommodations under paragraph (c), (d), (e), (g), or (j) of section 4 is higher than the rent generally prevailing in the Defense-Rental Area for comparable housing accommodations on the maximum rent date."