**BOWLES, Price Administrator, v. ORMESHER BROS.**
**Civil Action No. 63.**

District Court, D. Nebraska, Chadron Division.
May 16, 1946.

Edwin F. Moran, of Nebraska City, Neb., Allen Wilson, of Omaha, Neb., Herbert W. Bails, of Sioux City, Iowa, and Dwight W. Dahlman, of Omaha, Neb., for plaintiff.

Edwin D. Crites, of Chadron, Neb., for defendant.

DELEHANT, District Judge.

The plaintiff's complaint prays for injunctive relief against the payment of a total amount, including transportation to the defendant's slaughtering establishment, for all live bovine animals by it slaughtered within thirty days of purchase, during any accounting period, in excess of the permissible amount determined in the manner provided by Section 9(b) and (c) of M.P.R. 574, as amended, promulgated under authority of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq.; against the violation of any of the provisions of the cited Regulation, "as amended, as the same now is or may hereafter be amended"; and for general equitable relief and costs.

The defendant, and its several members, move to dismiss upon six assigned grounds. Those grounds will now be noted with very brief separate comment.

 Certain of them require only the slightest discussion. The charge that the act is unconstitutional has been conclusively negatived by controlling authority. Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. With that charge is bracketed the assertion that the regulation is constitutionally invalid. But with due limitation to the issue of the validity of the regulation, this is not the forum for the assertion of such a claim. Title 50 U.S.C.A.Appendix, § 924(d). The denial of jurisdiction to the District Courts contained in the cited statute is entirely valid. Yakus v. United States, supra; Lockerty v. Phillips, supra; Rottenberg v. United States, 1 Cir., 137 F.2d 850, affirmed 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. It is then urged that, "the emergency which was the inducement to the act and for which the act provides, has ceased and determined, and that the United States is no longer at war, a condition of peace having supervened, and all foreign wars in which the United States was engaged at the time of the enactment

having been in truth and in fact concluded." It does not follow from the cessation of armed hostilities in the face of our recent military might, that "the United States is no longer at war" or that "a condition of peace has supervened" or that "all foreign wars in which the United States was engaged at the time of the enactment" have been concluded. The state of war persists; only its international slaughter has ended—or, it may be, has been suspended. Many—in fact most—of the incidents of warfare continue. More to the point, however, the determination of the existence and persistence of the emergency, in the present context at least, is a legislative function, not the task of the judiciary. And the congress has not seen fit, either generally to declare the end of the emergency, or specifically to terminate the operation of the act. In fact, it is presently engaged in the actual extension of its effective operation. Counsel must bear in mind the elastic provisions of the act itself (Title 50 U.S.C.A.Appendix § 901(b), whereby its contemplated operative period may be diminished either by presidential proclamation or by concurrent resolution of the two houses of the congress. No comparable grant of power is bestowed upon the judiciary. As a final constitutional ground of infirmity, it is charged that "no real or substantial dispute or controversy arising under the constitution or laws of the United States is involved herein." But, dealing with another phase of regulation under the act, the Supreme Court in Bowles v. Willingham, 321 U.S. 503, 511, 64 S.Ct. 641, 646, 88 L.Ed. 892, said, "We have here a controversy which arises under the Constitution and laws of the United States and is therefore within the judicial power of the United States."

One assigned ground of insufficiency of the complaint is its asserted failure to state a claim aganst the defendant upon which relief may be granted, which seems to rest upon the pleader's contention that "no facts are set out, merely legal conclusions of one sort or another." That contention is wholly unwarranted. In the sixth numbered paragraph of the complaint, the plaintiff alleges the specific violation of the cited regulation in the same general manner during two distinct accounting periods as defined in the regulation. And the court considers the averments there made to be of ultimate facts; probably not evidentiary facts, which need not be pleaded, but certainly not mere legal conclusions. The violations charged are such as, if established by evidence, would support an injunctive order within the contemplation of Title 50 U.S.C.A.Appendix, § 925(a).

Then, the defendant charges that the complaint "affords no ground for relief in equity or injunctive relief." Upon oral argument it appeared that this criticism was bottomed upon the complaint's asserted failure to aver "irreparable injury to anyone." But the seventh paragraph of the complaint explicitly charges that the violations "contribute directly to economic instability and inflation and * * * are detrimental to the stabilization of the national economy during the transition period;" and that otherwise they threaten irreparable loss, injury and damage to the citizens of the United States. Moreover, the statute, Title 50 U.S.C.A.Appendix, § 925(a), does not appear to obligate the administrator factually to plead the irreparable harm, within his contemplation, with that particularity or precision which might be required of a private litigant bent on the injunctive interception of a personal wrong. The entire act points at the threatened injury, not to any individual alone, but to the nation and all its people, and may well be considered as supplying its allegation and proof, once the alleged violation is established. Title 50 U.S.C.A. Appendix § 901(a).

Finally, it is said that the facts alleged are trifles; and "de minimis non curat lex." The point is devoid of merit. The violations charged are trifles only in the sense that the impairment of a building's joists by one day's toil of a single termite is trifling. The cumulative burrowings of that insect and his brethren over a measurable period of time destroy the entire structure. Isolated, the alleged evasion of the Price Control Act by the defendant, however censurable in its implications, would, indeed, be trivial. But it may not be appraised in isolation. It and

an infinite number of comparable transgressions, continued, enlarged, and practiced over a substantial territorial area, must inevitably result in ruinous inflation and economic disorder. And there is nothing minimal either in that consequence or in the smallest act of unreckoning selfishness that contributes to it even remotely. Qui patriae pericula plorat, de minimis non clamat.

The motion to dismiss is, therefore, being denied and overruled. It must not be assumed that, granting the proof of the charges made in the complaint, the ruling here announced foreshadows an injunctive order of this court, as comprehensive as the prayer of the plaintiff already quoted. It implies only that some of the relief sought may be granted. The court's injunction will be responsive to the evidence actually adduced and will forbid from the date of its entry those violative actions, if any, which that evidence discloses or persuasively threatens.