**BOWLES, Price Administrator, v. ELL-CARR CO., Inc., et al.**

District Court, S. D. New York.
March 19, 1947.

Harold N. Cohen, Sidney S. Stark, William L. Messing, and Kenneth V. Fisher, all of New York City, for plaintiff.

Ingram & Morrow, of Brooklyn (Edward Ingram, of Brooklyn, of counsel), for defendants.

CAFFEY, District Judge.

This is a motion by the attorneys for the plaintiff for an order substituting Philip B. Fleming, Administrator of the Office of Temporary Controls, as plaintiff in this action, in place of Paul A. Porter, Price Administrator, Office of Price Administration. It does not appear from the papers submitted, or from the file in the case, that Porter was substituted for Bowles, the original plaintiff. As defendants make no point of this, I shall assume that it was done.

It is alleged that Porter ceased to hold office as Price Administrator on December 12, 1946, and that, by virtue of Executive Order No. 9809, 50 U.S.C.A.Appendix, § 601 note (11 Fed. Register 14281), issued by the President on that day, Fleming was invested with all the functions of the Price Administrator with full power and authority to continue and maintain in his name all civil proceedings theretofore instituted by the Price Administrator. The motion, therefore, is being made within the period of six months prescribed by Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendants oppose the motion on the ground that there is no authority under the

Emergency Price Control Act, as amended, Title 50 U.S.C.A.Appendix, § 901 et seq., for the substitution of a party plaintiff. But it is not necessary that the authority should derive from that Act. Both Rule 25(d) and Title 28 U.S.C.A. § 780 (Judicial Code) authorize the substitution. Compare United States ex rel. Ordmann v. Cummings, 66 App.D.C. 107, 85 F.2d 273.

Defendants also argue that Fleming has not been appointed Price Administrator but rather Administrator of the Office of Temporary Controls and that, though he was invested by the said Executive Order with the functions of the Price Administrator, he is not *the* Price Administrator, and, therefore, is precluded from acting as such. This argument needs little comment. The title of the individual office is of no importance, if, in fact, the powers and duties of the predecessor have been conferred upon the successor.

Defendants further argue that as, in fact, there is now no war, the President's power to appoint a successor to Porter ceased, relying upon an unreported opinion of Judge McColloch in the case of Porter v. Wilson, D.C.Or., 69 F.Supp. 447. That opinion, however, is contrary to the great weight of authority and should not be followed. See, to the contrary, the opinion of Judge Delehant in Bowles v. Ormesher Bros., D.C.Neb., 65 F.Supp. 791, 793.

In Porter v. Maule, 5 Cir., 160 F.2d 1, 3, the court said:

"As to the substitution of parties, we are in no doubt that in a case of this kind, while suits are brought and proceed in the name of the administrator, he is plaintiff in name only. As administrator, he sues not for himself but for the office. Action that he takes in filing suits, and in appealing from judgments in them, is action on behalf, and for the use, of the office, and, when he is no longer administrator, of his successor. * * * We think it plain, though, on reason and on authority * * * that the suit did not abate but continued both for judgment and for appeal in the name of the nominal plaintiff until his successor was substituted."

The attorneys for plaintiff have referred in their brief very fully to the various Acts and Executive Orders under the authority of which Fleming was appointed. It would serve no useful purpose for me to discuss them, for I am clearly of the opinion that Fleming has been lawfully appointed successor to Porter. The motion for substitution is granted.

Settle order on two days' notice.