**WOODS, Acting Housing Expediter, v.
WALLACE.**

**Civil Action No. 7771.**

District Court, E. D. Pennsylvania.
Feb. 18, 1948.

Harold L. Wertheimer, of Philadelphia, Pa., for plaintiff.

Raymond A. White, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is an action by the Housing Expediter to compel restitution of rent overcharges to four tenants and to enjoin defendant from violating the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., by receiving rents over the legal maximum. Plaintiff has moved for a summary judgment, thereby raising two issues: whether there is any "genuine issue as to any material fact" and whether he is entitled to a judgment on the law.

The facts as alleged in the complaint and admitted in defendant's answer are as follows: Defendant is the landlord of four housing units at 1924 N. 13th St., Philadelphia. On December 23, 1946, the Area Rent Director issued four Orders decreasing the rent for the four units and ordering the landlord to refund to the tenants "within thirty days" any rent collected from the effective dates of the Orders in excess of the maximum rent provided therein. Defendant has failed to make any refund. On September 25, 1947, the Housing Expediter filed the Complaint in this action.

The crucial issue in the instant case is the propriety of invoking the summary judgment procedure, for I feel that the questions of law raised by defendant— whether the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., creating the offenses complained of, is applicable; whether a one-year statute of limitations bars this suit; whether failure to obey the Orders of December 23, 1946, can be a violation of the Housing and Rent Act of 1947—are all properly determined against him. Defendant claims, however, that there are genuine fact issues which cannot be summarily decided; e. g., that there was no intentional violation of the Emergency Price Control Act of 1942 and that the Rent Director failed to consider all the evidence in making his Orders. He cites Hecht v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 591, 88 L.Ed. 754, in support of his position that these issues are material. Were restitution the only relief prayed for in the instant case, I feel that summary judgment procedure would be proper despite these contentions. Hecht v. Bowles only decided that the Act of 1942 did not make "mandatory the issuance of an injunction merely because the Administrator asks it." Furthermore, the material issue, I feel, would be not whether there was intentional violation of the Orders, but whether, as in the Hecht case, there was "good faith and diligence" in attempting to comply with them. At any rate, defendant's answer, which is sworn to, makes no allegation that he did not intentionally violate the Act. How-

ever, the answer does attack the validity of the Rent Director's Orders, alleging that he failed to consider all the evidence in making them. It should not be necessary now to reiterate that this question could and should have been raised in the manner provided for by the Emergency Price Control Act of 1942, as amended. The issue it raises is not one that would now foreclose summary judgment.

■■ However, the Housing Expediter has asked for an injunction restraining defendant from violating the Housing and Rent Act of 1947. Before granting this relief or such "other order" as may be proper in this equity proceeding, I feel that there are, at least, two material facts which should be considered and about which there may be a genuine issue; e. g., whether defendant has continued to receive more than the maximum legal rent provided for in the Orders since the Housing and Rent Act of 1947 went into effect and whether there will be an earnest effort to comply with the rent regulations in the future. I realize that defendant's denial of paragraph 21 of plaintiff's complaint is ambiguous and may be nothing more than an argument of law upon reasons I have already indicated to be faulty. However, where the relief sought is a permanent injunction, any error in applying the summary judgment procedure should be on the side of caution. Accordingly, I shall deny the motion for summary judgment, and in accordance with Federal Rules of Civil Procedure, rule 56(d), 28 U.S.C.A. following section 723c, direct that a hearing upon the action be held before me on March 10, 1948, 2 P.M., limited to the issues of whether there has been a failure to comply with the maximum rent regulations up to the date of the Complaint, and whether there has been or will be good faith and diligence in attempting to comply with them. At that hearing the issue as to whether the Rent Director failed to consider all the evidence in making his Orders will not be material, and no evidence upon it will be admitted. After the hearing the application for equitable relief contained in this Complaint will be disposed of promptly.

An order will be entered, therefore, denying the motion for summary judgment, directing the further proceedings referred to above, and specifying the following as facts that appear without substantial controversy:

1. Defendant is the landlord of four housing units at 1924 N. 13th St., Philadelphia.

2. On December 23, 1946, the Area Rent Director issued four Orders retroactively decreasing the maximum legal rent for the four units and ordering the landlord to refund within thirty days to Rufford Johnson, Arthur Pinder, Helen West, and Helen Butler, the amounts of $390, $405, $92, and $152.32, respectively.

3. Defendant has failed to make any refunds.