**WOODS, Housing Expediter, v. BANK.**
**No. 9156.**

United States District Court
E. D. Pennsylvania.

April 12, 1949.

Sydney J. Fires, of Philadelphia, Pa., for plaintiff.

Thomas Z. Minehart, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

 This is an action under Section 205(b) of the Housing and Rent Act of 1947, 50 U.S.C.A. Appendix, § 1896(b), to enjoin defendant from violating the Act and to compel him to make restitution to two named tenants of rent overcharges. The complaint alleges that defendant received more than the maximum rent from one tenant from October 1, 1947, to May 20, 1948, and from the other from August 2, 1947, to May 20, 1948. Defendant has moved to dismiss, alleging that no cause of action for equitable relief is stated, that the complaint itself shows that the violations ceased in May, 1948, and that defendant no longer "manages or operates the business," that the tenants have an adequate remedy at law, and that restitution as to one tenant is "de minimis." None of these contentions justify dismissing the complaint. It may well be that defendant is no longer connected with the rental accommodations involved, and that there were no further violations after May, 1948, but these facts cannot be assumed on a motion to dismiss. Certainly there is nothing in the complaint, as defendant argues, that makes them "apparent" on its face. However, even if there were no further violations after May, 1948, that would not as a matter of law justify dismissal at this stage of the proceedings. Such a fact should be considered by the Court in exercising its discretion as to granting or denying a permanent injunction. But other factors, such as defendant's good faith in attempting to live up to the regulations, and his present connection with the accommodations, would be relevant, as well, and these cannot be established by a motion to dismiss Woods v. Wallace, D. C., 8 F.R.D. 140, upon which defendant relies, holds nothing to the contrary. It indicates that matters such as these should not be decided on the pleadings if there is any relevent fact issue still in dispute. I feel that the contention that the Housing Expediter cannot obtain equitable relief because the tenants have a remedy in a damage action must fall, as well. In seeking an injunction, the Housing Expediter is acting in the public interest to obtain a remedy that the tenant cannot obtain. And even where restitution is also sought, as here, the Expediter is still asking the Court "to act in the public interest by restoring the status quo and ordering the return of that which rightfully belongs to the purchaser or tenant." See Porter v. Warner Holding Co., 328 U.S. 395, 402, 66 S.Ct. 1086, 90 L.Ed. 1332. Accepting defendant's position would seriously weaken, if not nullify, the power to seek injunctive relief which the 1947 Act grants to the Expediter. Finally, even if the doctrine of de minimis non curat lex is applicable to actions by the Housing Expediter, and that is assuming the dubious (cf. Porter v. Rushing, 8 Cir., 157 F.2d 263; Bowles v. Ormesher Bros., D.C., 65 F.Supp. 791), I do not think it would bar this action on the allegations of this complaint, which I assume to be true on a motion to dismiss. Accordingly, therefore, an order will be entered denying defendant's motion.