UNITED STATES v. GRUBL.

No. 12579.

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1951.

17. Restatement, Torts § 281 (1934).

Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Coun., Francis X. Riley, Sp. Lit. Atty., Nathan Siegel, Attorney, OHE., Washington, D. C., for appellant.

Ernest P. Morgan, Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

BONE, Circuit Judge.

The United States of America, plaintiff below, appeals from a judgment entered on behalf of appellee, defendant below, who was accused in appellant's complaint of requiring 24 tenants to pay overcharges of rent amounting to over $1,000. The judgment of the court denied relief, the basis of the judgment being that the "overcharges" were inconsequential in amount and equity would be best served by denying the prayer of appellant's complaint.

The action was commenced pursuant to Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S. C.A. Appendix, § 901 et seq. and Sections 205 and 206(b) of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq. The demand was for an injunction, restitution and treble damages because the overcharges were collected contrary to the provisions of the said Acts of 1942 and 1947.

Appellee's answer was a general denial of the material allegations of the complaint along with an affirmative defense that the excess amounts collected by appellee were paid to him pursuant to an independent contract with his renters and not as rent, this contract having for its purpose the maintaining of the premises occupied by the renters, as "rental property." From this slender record before us it appears that this arrangement was entered into after a notice was received by appellee and his tenants from the owners of the rental premises to vacate the property within 60 days after June 3, 1948.

It appears from appellee's affirmative defense that the rental property in question had been sold to a hospital concern but appellee held and controlled the premises on a month to month tenancy and the tenants had agreed to pay, and did pay to him a sum equivalent to $2.00 per room additional to their legal rent for the purpose of defraying appellee's "expenses" incurred and to be incurred in his negotiations with the owner for extension of the tenancies of those renting from appellee, "for such

period as the owner [of the premises] might elect to give them."

Appellee's answer admitted that under this agreement with the tenants he gave them receipts for this excess amount as a receipt "for rent" but averred that upon receipt of a notice of overcharge from appellant, these tenants had endorsed upon these notices a full and complete release of any claim against appellee this for the reason that they had paid the alleged "overcharge," not as rent, but to retain their tenancy.

The court formally found that the premises in question were housing accommodations subject to maximum rents during the period here involved; that appellee received the amounts here involved as rents in excess of the maximum rents established pursuant to the Acts cited supra, but that the amounts alleged as overcharges on the schedule attached to the complaint "are inconsequential."[1] The court also found as untrue the allegation that appellee had engaged and is about to engage in "acts and practices which constitute and will constitute violations of said Acts and regulations, orders and requirements issued thereunder."

The conclusions of law were that the court had jurisdiction of the action under the Acts cited above; that the housing accommodations involved are subject to maximum rents thereunder, but that equity may be best served by denying the relief sought. Judgment went accordingly.

■ We think that the court erred in its judgment. The overcharges listed in appellant's complaint ranged in amounts from $4.25 to $110.00. Of these, eight were in excess of $50.00; nine in excess

of $25.00. None is less than 20% of the maximum rent per month and some run more than 50%. The view that the doctrine of de minimis non curat lex should be applied to the charges here shown would appear to run counter to the design and purpose of the law to protect persons at the economic level of the tenants in this case.[2]

■ In addition to finding that appellee collected and received the rental charges set out in the schedule mentioned in Note 1 the court also found to be untrue the allegation in plaintiff's complaint that "in the judgment of the Housing Expediter the defendant has engaged or is about to engage in acts and practices which constitute and will constitute violations of * * * said Acts * * ." This finding is clearly erroneous and must be set aside. It is no more than a conclusion of law wholly unsupported on the record. The court had already (properly) found that violation was present to the extent set forth in the schedule mentioned in Note 1. That the judgment of the Housing Expediter was that overcharges were received by appellee, is shown by the filing of the instant suit.

■ The above mentioned voluntary agreement with tenants is not a valid defense to this action. Such an agreement is contrary to the express provisions of Section 4(a) of the 1942 Act and Section 206(a) of the 1947 Act as well as Section 2 of the Rent Regulations for Rooming Houses, 12 F.R. 4302; 13 F.R. 1873 to which the premises here involved were subject. The "regardless of any contract" mandate in the Regulation referred to is also applicable in the case at bar. Where a statutory proscription is placed upon one

1. A "schedule" was attached to appellant's complaint listing twenty-four instances of overcharges against tenants of appellee the total of these claimed overcharges being $1031.25. The accuracy of this tabulation of names of overcharged tenants and amount of overcharges is not challenged.

2. Bowles v. Ormesher, D.C., 65 F.Supp. 791; Creedon v. Stratton, D.C., 74 F. Supp. 170, 180; Brown v. Mars, 8 Cir., 135 F.2d 843, 849, footnote 3, certiorari denied sub. nominee Mars, Inc., v.

Bowles, 320 U.S. 798, 64 S.Ct. 368, 88 L.Ed. 419; Porter v. McRae, 10 Cir., 155 F.2d 213; Porter v. Rushing, 8 Cir., 157 F.2d 263; accord: National Labor Relations Board v. Cowell Portland Cement Co., 9 Cir., 108 F.2d 198, note 5; National Labor Relations Board v. Fainblatt, 306 U.S. 601, 606, 307 U.S. 609, 59 S.Ct. 668, 83 L.Ed. 1014; Wickard v. Filburn, 317 U.S. 111, 127, 128, 63 S.Ct. 82, 87 L.Ed. 122; Mabee v. White Plains Pub. Co., 327 U.S. 178, 181, 182, 66 S.Ct. 511, 90 L.Ed. 607.

party he may not plead the collusion of a third party in justification for violation of the statutory edict.[3]

 We agree with appellant that under the undisputed facts shown by the brief record before us it was incumbent upon the court to grant judgment for an amount no less than the single amount of overcharge. From the record before us we are unable to conclude that the court erred in not assessing treble damages.

This court takes judicial notice of the fact that decontrol of rents in the area here affected makes consideration of the injunction issue unnecessary.

We reverse the judgment below and remand the cause for further proceedings in conformity with this opinion.

3. Popplewell v. Stevenson, 10 Cir., 176 F. 2d 362; National Labor Relations Board v. American Potash & Chem. Corp., 9 Cir., 118 F.2d 630, 631; Ebeling v. Woods, 8 Cir., 175 F.2d 242. See also Porter v. Crawford and Doherty Foundry Co., 9 Cir., 154 F.2d 431, 433.