## THOMPSON *v.* UNITED STATES.

1. To a petition for a *mandamus*, to compel A., the clerk of a township, to whom had been delivered a certified copy of a judgment recovered against it to certify the judgment to the supervisor in order that the amount thereof might be placed upon the tax-roll, A. made answer, among other things, that he had resigned his office before the copy was served upon him. *Held*, that evidence that the township board had, after the cause was at issue, appointed his successor, was properly excluded.
2. Such an appointment, after the institution of the proceedings, should, if available as a matter of defence, have been set up by a plea of *puis darrein continuance* or its equivalent.
3. *Semble*, that proceedings against the clerk of a township, to enforce its duty of levying the amount of such a judgment, are against it, and do not abate by his resignation and the appointment of his successor.

ERROR to the Circuit Court of the United States for the Western District of Michigan.

The facts are stated in the opinion of the court.

*Mr. H. F. Severens* for the plaintiff in error.

*Mr. M. J. Smiley, contra.*

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case arises upon a petition for a *mandamus* to compel Thompson, the township clerk of the township of Lincoln, in the county of Berrien, State of Michigan, to make and deliver to the supervisor of the township a certified copy of a judgment recovered against it by the Cambria Iron Company, the petitioner, in order to its being placed upon the tax-roll for collection and payment. The questions arising are much the same as those disposed of in the case of *Edwards* v. *United States, supra*, p. 471. The petition states that the Cambria Iron Company recovered judgment against the township of Lincoln, in the Circuit Court of the United States, on the 29th of May, 1876, for the sum of $6,273.32, besides costs, and caused to be delivered a certified copy thereof to Thompson, the township clerk, with a request to certify it to the supervisor, to be raised by tax on the township; but that Thompson declared that he would not do it, and pretended that there was no supervisor; that one Mitchell Spillman, who had been supervisor, had resigned; and that if there were any supervisor, still he

would not do it; that he himself had resigned, and was not clerk of the township; that the supervisor and himself had both resigned for the express purpose of defeating the collection of the petitioner's judgment, and other similar claims. The petition charges that the said supervisor and clerk have fraudulently combined to cheat and defraud the petitioner by falsely pretending to resign, whereas they actually continue to discharge the duties of their offices, — setting forth various facts corroborative of the charge.

The court below having granted a rule to show cause why a *mandamus* as prayed for should not issue, the defendant filed an answer to the petition, admitting that a judgment had been entered against the township, as stated in the petition, but averring that it was not a valid judgment, because, as the answer alleged, the court never obtained jurisdiction; that no service was ever had of process in the cause upon the supervisor of the township; that Alonzo D. Brown, upon whom service was made, was not at the time supervisor; and that, although one Clapp, an attorney, appeared for the township, he was never employed by the township; that the defendant was, it is true, duly elected clerk of the township in April, 1876, but that he resigned his office before the certified copy of the judgment was served upon him, by filing in the office of the clerk (that is, his own office) and depositing with the files of the township a written resignation addressed to the township board; and that he has not acted as clerk since. He admits that he refused to certify the judgment, but did so because he was not clerk, and because there was no supervisor, Spillman, who had been supervisor, having resigned. This answer was demurred to, but the demurrer was overruled and the cause came on for trial. The jury rendered a special verdict, as follows: —

"*First*, That on the twenty-third day of November, 1875, Alonzo Brown, upon whom the declaration was served in the original case of *The Cambria Iron Company* v. *The Township of Lincoln*, was supervisor of said township of Lincoln, and was such supervisor at the time the declaration in said cause was served upon him as such supervisor by the marshal.

"*Second*, That George S. Clapp, who entered his appearance as attorney for the defendant in said cause, and appeared

and pleaded therein for said township of Lincoln, was duly authorized by said defendant to appear and plead for it in said cause.

" *Third*, That the respondent, John F. B. Thompson, was, at the time of the service of the order to show cause why a *mandamus* should not issue against him, clerk of the said township of Lincoln, and still is such clerk, and has not resigned the said office.

" *Fourth*, That Mitchell Spillman was, at the time the said order to show cause was served, the supervisor of said township, and still holds the said office, and held the said office on October 1, A.D. 1876."

The questions raised on the trial were, as in the previous case of Edwards, whether the tender of a resignation by the supervisor or the clerk of a township, by filing the same with the clerk, was valid and effectual as a resignation, so as to discharge the officer of his official character, without an acceptance by the township board, or an appointment to fill the vacancy. Such a resignation was relied on to show that Brown, on whom process in the original action was served, was not supervisor, and that Spillman was not supervisor, and the defendant was not clerk when the present proceedings were commenced. As we have fully discussed this question in the previous case, it is not necessary to say anything further on the subject. The ruling of the court below was in conformity with our decision in that case. This also disposes of the question of the appearance of Clapp, the attorney in the original action, he having been employed by Brown, the supervisor.

Another question raised at the trial was, whether the petitioner might show the motive and intent with which the supervisor and clerk attempted to resign, with a view to show that it was done for the purpose of defrauding the petitioner, and avoiding to do those acts which were necessary to the collection of the judgment. The court allowed evidence to be given on the subject, and to this the defendant excepted. We do not see why the evidence was not admissible for the purpose of showing that the attempted resignation was simulated and fraudulent. But it is not necessary to decide this point, since the admission of the testimony did not injure the defendant,

because the attempted resignations were not completed by the acceptance of the township committee.

Another point raised was, that it appeared by the township book, offered in evidence, that the township board did appoint a successor to the defendant as township clerk on the fourth day of November, 1876, after the cause was at issue.  On motion of the petitioner's counsel this evidence was stricken out for the reason that such fact having arisen since the return was made, it was not competent under the issue framed thereon. It does not appear that this matter was in any way brought to the notice of the court, or sought to be put in issue, until the evidence was offered during the trial.  In addition to this, the evidence was not conclusive.  It did not show that the attempted appointment was effectual.  Had the point been properly put at issue, the whole matter could have been known.  We think the court was justified in striking out the evidence.  As a matter of defence, whether in abatement or in bar, it should have been set up by a plea *puis darrein continuance*, or its equivalent.  It could not be given in evidence under any of the issues in the cause.  *Jackson* v. *Rich*, 7 Johns. (N. Y.) 194; *Jackson* v. *McCall*, 3 Cow. (N. Y.) 79.

But we cannot accede to the proposition that proceedings in *mandamus* abate by the expiration of the term of office of the defendant where, as in this case, there is a continuing duty irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the corporation or municipality to which the office is attached.  The contrary has been held by very high authority.  *People* v. *Champion*, 16 Johns. (N. Y.) 60; *People* v. *Collins*, 19 Wend. (N. Y.) 56; High, Extr. Rem. sect. 38.  We have had before us many cases in which the writ has, without objection, been directed to the corporation itself, instead of the officers individually; and yet, in case of disobedience to the peremptory *mandamus*, there is no doubt that the officers by whose delinquency it was incurred, would have been liable to attachment for contempt.  The proceedings may be commenced with one set of officers and terminate with another, the latter being bound by the judgment.  *Board of Commissioners of Knox County* v. *Aspinwall*, 24 How. 376; *Supervisors* v. *United States*, 4 Wall. 435; *Von Hoffman* v. *City of Quincy*,

id. 535; *Benbow* v. *Iowa City,* 7 id. 313; *Butz* v. *City of Muscatine,* 8 id. 575; *Mayor* v. *Lord,* 9 id. 409; *Commissioners* v *Sellew,* 99 U. S. 624; and many others.

And so, if we regard the substance and not the mere form of things, a proceeding like the present, instituted against a township clerk, as a step in the enforcement of a township duty to levy the amount of a judgment against it, ought not to abate by the expiration of the particular clerk's term of office, but ought to proceed to final judgment, so as to compel his successor in office to do the duty required of him in order to obtain satisfaction from the township. The whole proceeding is really and in substance a proceeding against the township, as much as if it were named, and is in the nature and place of an execution. If the resignation of the officer should involve an abatement, we would always have the unseemly spectacle of constant resignations and reappointments to avoid the effect of the suit. Where the proceeding is in substance, as it is here, a proceeding against the corporation itself, there is no sense or reason in allowing it to abate by the change of individuals in the office. The writ might be directed to the township clerk by his official designation, and will not be deprived of its efficacy by inserting his individual name. The remarks of Mr. Justice Cowen, in *People* v. *Collins* (19 Wend. (N. Y.) 56), are very pertinent to the case, and seem to us sound. That was a *mandamus* to commissioners of highways who were elected annually; and it was objected that their term would expire before the proceedings could be brought to a conclusion. He said: "The obligation sought to be enforced devolves on no particular set of commissioners, and no right is in question which will expire with the year. The duty is perpetual upon the present commissioners and their successors; and the peremptory writ may be directed to and enforced upon the commissioners of the town generally. To say otherwise would be a sacrifice of substance to form." In this connection we may also refer to the recent case of *Commissioners* v. *Sellew, supra.*

The cases in which it has been held by this court that an abatement takes place by the expiration of the term of office have been those of officers of the government, whose alleged delinquency was personal, and did not involve any charge

against the government whose officers they were. A proceeding against the government would not lie. *The Secretary* v. *Mc-Garrahan*, 9 Wall. 298; *United States* v. *Boutwell*, 17 id. 604.

We think that the proceedings have not abated either by the resignation of the clerk and the appointment of a successor, or by the expiration of his term of office, even if it sufficiently appeared that either of these contingencies had occurred.

*Judgment affirmed.*