[No. 1000.   March 3, 1904.]

TERRITORY OF NEW MEXICO, ex rel., GEORGE ·PARKER, Appellee, v. THE MAYOR AND CITY COUNCIL OF THE CITY OF SOCORRO, Appellants.

### SYLLABUS.

1.   In the absence of any showing as to the particular law under which the city of Socorro is organized, while this court cannot take judicial notice of the fact that it was organized under the Act of February 11, 1880, (Prince's Laws, 174), still this court may look to the terms of that act, if necessary, to support a judgment of mandamus against the city.

2.   Section 2529, Compiled Laws of 1897, limiting tax levies by cities to one per cent. for all purposes, applies only to cities organized under chapter 39, Laws of 1884.

3.   A writ of mandamus is properly directed to the mayor and city council, to compel a tax levy.

4.   Where the only denial of the validity of the bonds of the city of Socorro consists in asserting an erroneous conclusion. as to the legal requirements of an ordinance directing their issue and providing for a tax levy for their payment, and no fact is asserted against their validity, they need not be reduced to judgment before resort is had to mandamus to compel a tax levy to pay the same.

5.   It is no defense for the defendant city to show that relator owns only a portion of the bond issue. The other bondholders, if any, may, in a proper proceeding, assert their right to participate in the fruits of the mandamus.

Appeal from the district court of Socorro county, before A. B. McMillen, Associate Justice.   Affirmed.

A. A. SEDILLO and H. M. DOUGHERTY for appellants.

The power to issue bonds for the purpose stated by the relator is to be found in section 2402, in paragraph 6, Laws of 1887.

If these bonds were issued without an ordinance providing for a sinking fund and a levy for interest, then under most of the authorities they would be absolutely void. Under some authorities the bonds would be void but the right of action under the contract would still exist. Under either theory mandamus could not issue.

Brazona County v. Youngstown Bridge Co., 80 Fed. 10; Wade v. Stravis County, 72 Fed. 985; Quaker City National Bank v. Nolan County, 66 Fed. 883, affirming 59 Fed. 660; Morrill v. Smith County, (Texas Civil Appeals 1895), 33 S. W. 907; Citizens Bank v. Terrell, 78 Tex. 450; Nalle v. Austin (Texas Civ. App. 1897), 42 S. W. 780.

In Pennsylvania such bonds are void, but the debt may be recovered on the contract.

Borough of Ramsburg v. Fyan, 127 Pa. St. 74 (17 Atl.. 678) ; Bruce et al. v. City of Pittsburg et al., 166 Pa. St. 152 (30 Atl. 83).

In Louisiana the same doctrine is maintained.

Oubre v. Donaldsonville, 33 La. Ann. 386; Johnson v. Donaldsonville, 33 La. Ann. 366; Dugas v. Donaldsonville, 33 La. Ann. 668; Maurin v. Donaldsonville, 33 La. Ann. 671; Wilson v. Shreveport, 29 La. Ann. 673; Knox v. Baton Rouge, 36 La. Ann. 427.

Such levy cannot be made to the exclusion of current expenses.

Sec. 2529, Laws of 1897; Raton Waterworks Co. v. Town of Raton, 49 Pac. 899.

Mandamus will not lie where the entire revenues are needed for current expenses.

> 19 Am. and Eng. Ency. of Law (2 Ed.), 801, and cases cited; E. St. Louis v. The Treasurer of E. St. Louis, 110 U. S. 321; Clay County v. McLeer, 115 U. S. 616; White v. The Mayor, etc., of the City of Decatur, 119 Ala. 476 (27 So. 999); Cromartie v. Bladen County, Comm., 85 N. C. 211.

The question as to what expenditures are proper and necessary for a municipal administration, is confided by law to the discretion of the municipal authorities.

> E. St. Louis v. United States ex rel. Zebley, 110 U. S. 321.

Mandamus is not proper to compel a general course of official conduct.

> 19 Am. and Eng. Ency. of Law (2 Ed.), 724.

On the death or retirement from office of the original defendant the writ must abate.

> United States v. Boutwell, 17 Wallace 607.

Generally, a creditor must first reduce his bonds to judgment before he can compel a special levy.

> Hainer on Modern Municipal Securities, secs. 444, 449 and cases cited.

A decision adverse to the defendant in an action involving the validity of coupons of a bond does not necessarily stop the defendant from setting up the invalidity of a bond itself in a subsequent action, upon it.

> Hainer on Municipal Securities, sec. 503; citing Nesbit v. Independent School Dist., 25 Fed. 635, affirmed in 144 U. S. 610; See, also, Cromwell v. County of Sac. 94 U. S. 351.

JAMES G. FITCH for appellee.

The pleadings in mandamus are assimilated to those of ordinary person actions.

> Statute 9 Anne, chapt. 20, sec. 2; High Ext. Legal Rem., secs. 457-8-9; Browning v. Browning, 3 N. M. 675.

Our statute prohibits the relator from filing any traverse or reply to the answer but he may countervail it by evidence at the trial, and the issues joined are to be tried in the same manner as any other civil action.

> Secs. 2767 and 2768, Compiled Laws N. M. 1897; Territory v. Bernalillo County, 5 N. M. 1.

The fact that no tax was levied to pay interest and create a sinking fund before the issuance of the bonds, did not render the bonds void.

> Marion County v. Coler, 67 Fed. 60; Mitchell Co. v. City National Bank, 39 S. W. 628.

Under what statute were these bonds issued? The city of Socorro was incorporated in the year 1881, under the Act of 1880, chapter 1.

> Princes Laws of 1880, p. 174; County Commissioners of Socorro County v. Leavitt, 4 N. M. 37.

It is to the provisions of the Act of 1880 that we are to look for the power and the manner in which this indebtedness was created.

> Princes Laws, p. 190, sec. 55.

And under this act it will be seen that no ordinance is required. The duty of making a levy for interest and sinking fund is imposed by the statute itself. The intent of the Legislature was not to involve a mere discretion, but to impose a positive and absolute duty.

> Hainer on Municipal Securities, sec. 446; Supervisors v. United States, 4 Wall. 435.

Where the statute authorizes such special tax the court will compel the levy of such tax to the full extent authorized by the statute.

E. St. Louis v. The United States, 110 U. S. 321; Clay County v. U. S. 115 U. S. 616.

The reorganization of the city of Socorro under the Act of 1884, could not impair its liability under the Act 1880.

Sec. 2498, Compiled Laws; United States v. Quincy, 4 Wall. 335.

As to the claims of other creditors see

City of Galena v. United States, 5 Wall. 705; United States v. Iowa City, 7 Wall. 313.

The jurisdiction of our courts to issue mandamus to compel tax levy to meet municipal indebtedness does not depend upon a prior judgment against the municipality for such indebtedness.

McIntire v. Wood, 7 Cranch 504; Graham v. Norton, 15 Wall. 427; United States v. Johnson Co., 6 Wall. 166; Knox County v. Aspinwall, 24 How. 376.

Although in the courts of a state a judgment is not a necessary foundation for the writ, in the federal courts it can only be issued in aid of existing jurisdiction.

Green County v. Danel, 102 U. S. 187; Davenport v. Dodge Co., 105 U. S. 237; Chickamung v. Carpenter, 106 U. S. 663; and, see, Shinbone v. Randolph Co., 56 Ala. 183; Reley v. Garfield Tp., 54 Kas. 463, 38 Pac. 360; People v. Getzendaner, 137 Ill. 234, 34 N. E. 297; Maddox v. Graham, 2 Metc. (Ky.), 256; Shelby County Court v. Railroad Co., 8 Bush. 209; Commonwealth v. Pittsburg, 34 Pa. St. 496; Commonwealth v. Allegheny Co., 37 Pa. St. 277; State v. Clinton Co., 6 Ohio St. 280; Pegram v. Cleveland Co., 64 N. Car. 567; Robinson v. Supervisors, 43 Cal. 353; Comrs. Court v. Rother, 48 Ala. 433; Comrs. Sedgwick Co. v. Bailey, 11 Kas. 631; Flagg v. Mayor, 33 Mo. 440; People v. Mead, 24 N. Y. 114; High Ext.

Legal Rem., secs. 369, 392, 393; Hainer Muni-. cipal Securities, sec. 449.

Our statute authorizes the issuance of the writ.

Sec. 2761, Compiled Laws 1897.

By levying the water bond tax and paying the interest coupons, the city had ratified the issuance of these bonds.

Hainer Municipal Securities, secs. 333, 334, 195.

Was the question of the validity of these bonds res-adjudicata?

Bissell v. Spring Valley Tp., 124 U. S. 225; Louis v. Brown Tp., 109 U. S. 162; Aurora City v. West, 7 Wall. 82; Beloit v. Morgan, 7 Wall. 619; Hainer Municipal Securities, sec. 529.

As the corporation cannot die or retire from office, the writ cannot abate.

Hainer Municipal Securities, sec. 459; Commissioners v. Sellew, 90 U. S. 624; Thompson v. United States, 13 Otto 480; see, also, Merriweather v. Muhlenberg Co. Court, 120 U. S. 354; High Ext. Legal Rem., secs. 337, 442, 443, 543, 379; State v. Madison, 15 Wis. 30; Galena v. U. S., 5 Wall, 705; Memphis v. U. S., 7 Otto 293; Memphis v. Brown, 7 Otto 300; Louisiana v. U. S., 13 Otto 289; East St. Louis v. U. S. ex rel. Amy, 120 U. S. 600.

PARKER, J.—This was an action of mandamus to compel the levy and collection of a tax by the city of Socorro, to pay certain bonds of the city and certain judgments recovered upon interest coupons. The case was tried upon the alternative writ, the answer, and the proof submitted by the parties. The proofs are not made a part of the record. In the absence of anything to the contrary, this court, of course, must indulge the assumption that every fact necessary to support the judgment was established by competent evidence, and that every

fact alleged in the answer, inconsistent with the correctness of the judgment, was found, upon competent evidence, against the defendant. This brings the inquiry within much narrower limits than is discussed in the briefs. The case made by the alternative writ, the findings of fact by the court, and every fact brought in issue by the answer, which are assumed here to be correctly found against the defendant, constitute the case for review.

Upon this record there properly arises the following questions:

It is nowhere alleged, either in the writ or answer, under what law the city of Socorro is organized. While we know from our records, that Socorro was organized in January, 1881, under the Act of February 11, 1880 (Prince's Laws, page 174; Commrs. Socorro Co. v. Leavitt, 4 N. Mex. 37), still we may not be able to take judicial notice of the fact. But, we will be at liberty to look to that act, if necessary, in support of this judgment, in the absence of any showing that Socorro was organized under some other law.

It is urged that Socorro is limited, by section 2529, Compiled Laws of 1897, to a tax levy of one per cent for all purposes. But, it is to be observed that this section is section 116, of chapter 39, Laws of 1884, and is limited to cities organized under that act. No such limitation is contained in the act of 1880, but on the other hand it is there provided, that for any debt created, the common council shall add to the tax roll of each year successively a levy sufficient to pay annual interest on such debt, with an addition of not less than five cents on the hundred dollars to create a sinking fund for the liquidation of the principal. Prince's Laws, page 190, sec. 55. In rendering the judgment the court, we will assume, looked to this act for the power and duty of the city to make the levy commanded.

It is urged that this mandamus compels the expen-

diture of funds in payment of relator's interest coupons and bonds, which are needed for current expenses. This, if true, it is conceded, is a good defense. But this judgment was rendered to compel the levy of a special tax to be used exclusively to pay the city's bonds and interest, and is wholly disconnected from any levy for current expenses. It does not attempt to appropriate any funds which are to be raised or could be used for current expenses.

It is urged that this writ was directed to the office and not the officer. No such objection was made below, and if made it would have been unavailing. Commrs v. Sellew, 99 U. S. 624; Thompson v. U. S., 103 U. S. 480; High on Extraordinary Legal Remedies, secs. 337, 442, 443 and 543.

It is objected that mandamus will lie only after judgment on the bonds. It is to be noted that the only denial of the validity of these bonds consists in stating in the answer, that no ordinance was passed providing for the levy of a tax for their payment, as is provided by the sixth subdivision of section 2402, Compiled Laws of 1897. This section is a part of the act of 1884, and no such requirement is to be found in the act of 1880. And, in the act of 1884, section 105, it is provided:

"Every city or town incorporated previous to the taking effect of this act, which shall choose to retain such organization, shall, in the enforcement of the powers or the exercise of the duties, conferred by the special charter or general law under which the same shall be incorporated, proceed in all respects as provided by such special charter or general law."

It is not denied that the bonds were issued or that the city owes them, or that the relator was the legal holder thereof, and it is admitted that for ten years the city had been levying the very tax which it now refuses to levy. The only denial of the validity of the bonds is

based upon a misunderstanding of the requirements of the law in regard to their issue. This question of law can as well be settled in a mandamus proceeding as in any other. No question exists as to the validity of these bonds which either party has a right to insist upon having tried and settled by judgment, before resort to mandamus is had. The erroneous assumption as to the law being disposed of against defendant, it may be said to admit their validity. Under these circumstances, mandamus will lie to compel a tax levy, without first reducing the bonds to judgment.

Defendant complains that relator owns only 34 out of a total issue of 60 of these bonds, and is seeking to appropriate the entire levy to his demands, to the exclusion of other bondholders. This is a matter of which the city can not complain. The other bondholders, if any (and we might assume in this case that the court found as a fact, there are none), will be at liberty to avail themselves of this tax levy and have the proceeds marshaled and equitably distributed to all bondholders. Galena v. U. S., 5 Wall (U. S.) 705.

We find no error in the record and the judgment will be affirmed, and it is so ordered.

Mill, C. J., Baker, and McFie, JJ., concur.

Pope, J., did not participate in this decision.