**PORTER v. MAULE et al.**

**MAULE et al. v. PORTER.**

**No. 11753.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 24, 1947.

Rehearing Denied April 8, 1947.

David London, Dr., Litigation Div., O.P.A., Albert M. Dreyer, Chief, Appellate Branch, O.P.A., and Arthur G. Silverman, Special Appellate Attorney, Office of Temporary Controls, all of Washington, D. C., and Edward N. Vaden, Regional Litigation Attorney, O.P.A., of Atlanta, Ga., for appellant.

T. J. Blackwell, of Miami, Fla., for appellees.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

**2**

HUTCHESON, Circuit Judge.

The suit, brought by Chester Bowles, as Administrator of the Office of Price Administration, was for an injunction and for treble damages. The claim was that the defendants were making and selling concrete building blocks, 8x8x16, at prices in excess of ceiling prices. The defense in general was a denial that the price regulations invoked were applicable to the blocks defendants were selling. In detail it was that their blocks were different from the Grade "B" blocks covered by the regulation. Instead of blocks having a compressive strength of 700 pounds per square inch, as the Grade "B" blocks had, they were offering and selling an entirely new block, to-wit, Grade "A" blocks, which had a compressive strength of 1000 pounds per square inch with improved aggregates and a high cement content meeting the specifications of the American Society for Testing Materials, and each block was marked in a manner readily identifiable as to the manufacturer. There was a further plea in great detail of negotiations, correspondence, and dealings with the Office of Price Administration, the purport of which was to show, first, that the prices at which defendants had been selling were not above ceiling, and, second, that if they were, they had been consented to by The Office of Price Administration, and, if defendants had violated the regulations, they had acted in good faith throughout.

Defendants filed a motion to dismiss and a motion for summary judgment, attaching to the motion affidavits, letters and documents. Plaintiff, in opposition to the motion for summary judgment, filed an affidavit categorically denying that the defendants were making new blocks not covered by the regulations and affirming: that the blocks for which, beginning May 26, 1945, they were charging 13½¢ and 11¢ per block, had a ceiling price on them of 9½¢ and 11¢ per block; that after July 25, they were delivering blocks for 13¢ when the ceiling price was 11½¢; and that they were thus exceeding the maximum ceiling prices by approximately 2¢ per block.

The district judge was of the opinion that in the two periods fixed in the bill of particulars, from May 25, 1945, to July 16, 1945, and from July 25, 1945 to Aug. 19, 1945, the record on the motion for summary judgment showed that at all times Maule Industries were consulting with the Office of Price Administration and endeavoring in good faith to comply with the regulations. He concluded in effect that because this was so, there was no basis either for the issuance of an injunction or for treble damages, and on March 20, 1946, entered an order granting the motion for summary judgment and dismissing the suit.

On June 18, 1946, the Office of Price Administration, through its attorneys, gave notice that "Chester Bowles, Administrator of the Office of Price Administration, plaintiff above named, hereby appeals * * * from the final order granting the defendants' motion for summary judgment". Thereafter, on July 16, Paul Porter, reciting that Chester Bowles had resigned from the office of Administrator and that Paul Porter had been substituted for him and had entered upon his duties on February 26, 1946, applied for and obtained from the district court an order substituting him as a party plaintiff. Later he obtained an order from this court substituting him as appellant. Defendants filed a cross-appeal on August 16th. Defendants have moved to dismiss Porter's appeal, because at the time the notice of appeal was given in the name of Bowles, Porter, not Bowles, was the administrator, and Porter, not having given notice, there was no appeal. They insist, too, that the orders of the district judge, substituting Porter as plaintiff, and of a judge of this court, substituting him as appellant, are ineffective because granted too late, and because the order of the district judge was made after the purported appeal and the district court had lost jurisdiction. Finally, it is claimed that the order of the district judge, substituting Porter for Bowles, was without force because the law creating the Office of Price Administration ceased to be effective on June 30, 1946, the office had expired, and it had not been restored or recreated.

■ We make short work of appellees' motion to dismiss. As to the expiration of the law, explicit saving provisions were made in both the former act and in the

price control extension act. As to the substitution of parties, we are in no doubt that in a case of this kind, while suits are brought and proceed in the name of the administrator, he is plaintiff in name only. As administrator, he acts not for himself but for the office. Action that he takes in filing suits, and in appealing from judgments in them, is action on behalf, and for the use, of the office, and, when he is no longer administrator, of his successor. The unreality of appellees' position is made more manifest when it is remembered that the judgment on which they rely was entered against Chester Bowles, though he was not then administrator. If, as they contend, the suit abated when Bowles resigned and could not proceed, to judgment and on appeal, in the name of Bowles as nominal plaintiff, appellees have no judgment and we should dismiss the appeal on the obvious ground that there was no judgment to appeal from. We think it plain, though, on reason and on authority,[1] that the suit did not abate but continued both for judgment and for appeal in the name of the nominal plaintiff until his successor was substituted.

■ As to the cross-appeal, the motion to dismiss is well taken. As to all the orders appealed from, except that of July 15th substituting Porter as plaintiff, the notice of appeal was filed too late. That order was interlocutory and unappealable.

■ On the merits, it is quite clear that the case was not one properly determinable on summary judgment, and the judgment of dismissal must be reversed. There were disputed issues of fact as to compliance and as to good faith and the taking of practicable precautions to be determined. The judge does not find, there was no basis in the record for a finding, that the prices charged by appellees were, as matter of law, not in violation of the regulations. The most that he finds or could find is that appellees thought they were complying with the wishes of the Office of Price Administration, and they were, therefore, in good faith. But this is not a finding which would justify the dismissal of the suit. The statute makes it entirely clear, and the decisions[2] uniformly hold, that a defendant who has violated the price regulations may escape treble damages if he proves that "the violation of the regulations * * * in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation". The most that could be said of the record is that it might support a finding, and of the findings that they have found, that defendants, acting in good faith throughout, thought that they were complying. But these are not facts, this is not a finding, which would justify the dismissal of the suit. For, as the statute makes entirely clear, while treble damages may not be recovered where the defendant makes out this defense, single damages may be.

Under these circumstances, the judgment must be reversed and the cause remanded for a trial on the merits, both as to whether there was a violation and, if there was, as to whether the defendants made out a defense against treble damages.

Reversed and remanded.

---

[1] 1 Am.Jur., p. 49; 135 A.L.R. 335; Bowers v. American Surety Co., 2 Cir., 30 F.2d 244; Federal Housing Administration v. Burr, 309 U.S. 242, at pages 249–50, 60 S.Ct. 488, 84 L.Ed. 724; Thompson v. United States, 103 U.S. 480, 26 L.Ed. 521; Irwin v. Wright, 258 U.S. 219, at pages 224–5, 42 S.Ct. 293, 66 L.Ed. 573; Bowden v. Johnson, 107 U.S. 251, at page 264, 2 S.Ct. 246, 27 L.Ed. 386; Van Beeck v. Sabine Towing Co., 300 U.S. 342, at page 350, 57 S.Ct. 452, 81 L.Ed. 685; The Sapphire (The Napoleon III), 11 Wall. 164, 20 L.Ed. 127.

[2] Bowles v. Hastings, 5 Cir., 146 F.2d 94, 95; Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597; Shearer v. Porter, 8 Cir., 155 F.2d 77; Kenney v. Hood, 5 Cir., 158 F.2d 226; East v. Bowles, 5 Cir., 158 F.2d 227.