**PORTER, Price Administrator, v.
WOODRUFF.**

**Civil Action No. 3008.**

District Court, W. D. New York.

Aug. 4, 1947.

William L. Messing, of New York City (John E. McCracken, of New York City, of counsel), for plaintiff.

Levi Ginsburg, of Elmira, N. Y., for defendant.

KNIGHT, District Judge.

This is a motion to substitute Frank R. Creedon, Housing Expediter, as party plaintiff in place and stead of Paul A. Porter, Price Administrator.

Defendant urges that this motion should be denied on the ground that it is barred by 28 U.S.C.A. § 780.

On May 29, 1947, this court granted an order of enlargement under Federal Rules of Civil Procedure, rule 6 (b) (1), 28 U.S.C.A. following section 723c, extending plaintiff's time to and including July 12, 1947, in which to effect substitution in all actions pending in this court in which said Paul A. Porter had appeared as plaintiff. The actions were not specified. Subsequently plaintiff's attorney sent a letter, dated June 19, 1947, to the clerk of this court naming the actions affected by the order of enlargement and including the case at bar.

Defendant insists that this specification is ineffective because said Paul A. Porter ceased to hold office on December 12, 1946, and the time to effect the substitution expired six months thereafter and before the specification was made.

28 U.S.C.A. § 780, on which defendant relies, provides in part as follows:

"Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States * * * and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending * * * to permit the cause to be continued and maintained by or against the successor in office of such officer, if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

It has been held that a failure to comply with this section does not destroy the right, and the cause of action may survive, depending upon its nature and the applicable rule, since this section is purely remedial. Thomas B. Bishop Co. v. Santa Barbara County, 9 Cir., 1938, 96 F.2d 198, certiorari denied 305 U.S. 623, 59 S.Ct. 84, 83 L.Ed. 398.

Rule 6 (b) (1) provides in part as follows:

"When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (1) with or without motion or notice, order the

period enlarged if application therefor is made before the expiration of the period originally prescribed * * *."

This must be read in connection with Rule 25 (d), which provides in part:

"When an officer of the United States * * * is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it."

Under 28 U.S.C.A. § 778 is the following note:

"Sections 778–780 of this title have been modified in so far as they differ from Rules 25 and 81 of Federal Rules of Civil Procedure set out following section 723c of this title with relation to procedure in the District Courts of the United States. See notes of Advisory Committee under said rules."

In Notes of Advisory Committee on Rules appended to Rule 25 it is said:

"This rule modifies U.S.C.A., Title 28, §§ 778 * * * 779 * * * and 780 * * * in so far as they differ from it."

Regardless of this modification, the order of enlargement of May 29, 1947, was granted within 6 months after said Paul A. Porter ceased to hold office on December 12, 1946.

Said Section 780 and Rule 25(d) "are in substance the same, with the exception that under § 780 the court may permit the cause to be continued if within six months after the death or *separation from office* of the officer, 'it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved.' The rule permits such continuation, if within six months *after the successor takes office* 'it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining' the action." Porter v. American Distilling Co., D.C.S.D. N.Y., 71 F.Supp. 483, at page 487.

The case at bar was brought under Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. by Paul A. Porter. "On December 12,

1946, Mr. Porter resigned, and on the same day, Philip B. Fleming was appointed by the President Temporary Control Administrator, Office of Temporary Controls." Id., 71 F.Supp. at page 486. On April 23, 1947, by Executive Order 9841, 50 U.S.C.A. Appendix, § 601 note, the termination of the Office of Temporary Controls was provided for and its rent control functions were transferred to said Frank R. Creedon, Housing Expediter, to be performed by him or subject to his direction and control by such officers or agencies of the government as he may designate.

Defendant does not question the "substantial need" of continuing this action but argues that "at common law prior to the enactment of 28 U.S.C.A. § 780, the action would have abated" and that plaintiff has not complied therewith. Her counsel relies on two cases: Porter v. Goodwin, D.C., 68 F.Supp. 949, and Bowles v. Ohlhausen, D.C., 71 F.Supp. 199. The former case held only that the need for continuing the cause must be shown within the six months limitation. In the latter case, defendant moved to dismiss the action on the ground that it had expired. Chester Bowles resigned as Price Administrator on February 26, 1946, but counsel for the Office of Price Administration did not move to substitute Paul A. Porter as plaintiff until October 8, 1946. There was no order of enlargement. The court "with great reluctance" (71 F.Supp. at page 200) dismissed the action. In its opinion, the court made the following distinction:

"Abatement results only in the case of suits involving individual officers and the statute here involved relates only to such cases. Where suit is brought in the name of a board or other continuing agency, there is no abatement of suits when the membership of the board changes. 7 Cyclopaedia of Federal Procedure sec. 3219 (1943). Thus, had Congress entrusted the administration of the Emergency Price Control Act of 1942 to a Price Control Board, or had Congress required that suits on behalf of the United States to enforce the act be brought by the Office of Price Administration rather than by the Administrator (50 U.S.C.A.Appendix, § 925(e), the problem of abatement of suits would not be presented. Or, had Congress provided in the act of

1899 that suits by government officers would not abate but would be regarded as though brought in the name of the United States, the problem here presented, could likewise have been avoided." 71 F.Supp. at page 200.

That case was decided by D.C.N.D.Ill. on April 10, 1947. A contrary conclusion was reached on April 9, 1947, in D.C.S.D.N.Y. by Bright, D. J., in Porter v. American Distilling Co., 71 F.Supp. 483, supra. He said:

"It also is argued, and I think most convincingly, that there could be no abatement here in view of the fact that this action is on behalf of the United States and in its behalf. Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925(e). Regardless of who is named to carry on the functions, there is a continuing entity, a component of the Government. That being so there could be no abatement; the action of the Administrator, whoever is named, is not a personal one, but is one by virtue of his office. Thompson v. United States, 103 U.S. 480, 484, 26 L.Ed. 521. This would seem all the more so where the official was plaintiff. Bowers v. American Surety Co., 2 Cir., 30 F.2d 244, 246, 247, certiorari denied 279 U.S. 865, 49 S.Ct. 480, 73 L.Ed. 1003. See also opinion of Judge Hutchinson in Porter v. Maule, 5 Cir., 160 F.2d 1." 71 F.Supp. at page 488.

In this latter case substitution was "sought either under § 780 of Title 28 U.S. C.A. or under Rule 25(d)." 71 F.Supp. at page 487. It does not appear when the motion for substitution was made but defendants objected to it on the ground that no "substantial need" was shown by the moving petitioner. 71 F.Supp. at page 487.

In the instant case, the order of enlargement was granted on May 29, 1947, within six months after the resignation of said Paul A. Porter. It related to all actions pending in this court in which he had appeared as plaintiff. Before the expiration of the time set by this order, plaintiff's attorney specified the instant cause.

Plaintiff's motion to substitute Frank R. Creedon, Housing Expediter, as party plaintiff, in place and stead of Paul A. Porter, Price Administrator, is therefore granted.