**FLEMING, Temporary Controls Administrator, v. GOODWIN et al.**

**No. 13511.**

Circuit Court of Appeals, Eighth Circuit.

Jan. 16, 1948.

Rehearing Denied Feb. 17, 1948.

---

Harry F. Murphy, Asst. U. S. Atty., of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Kansas City, Mo., on the brief), for appellant.

Philip J. Close, of Kansas City, Mo. (Phineas Rosenberg, of Kansas City, Mo., on the brief), for appellees.

Before SANBORN, WOODROUGH, and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

This case presents two questions for review:

1. Is the pendency of an action for an injunction brought under § 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(a),

a bar to the bringing of an action for damages under § 205(e) of the Act, 50 U.S.C.A. Appendix, § 925(e), the parties and subject matter being the same in both actions?

2. Does an action brought under § 205(e) of the Act abate and cease to be maintainable upon the resignation of the individual who, as Price Administrator, brought the action, unless his successor in office is substituted as plaintiff in conformity with Rule 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c?[1]

The first of these questions is answered in the negative on the authority of Woodbury v. Porter, 8 Cir., 158 F.2d 194, and Fleming v. Munsingwear, Inc., 8 Cir., 162 F.2d 125, 127.

The facts material to the second question may be stated briefly as follows: This action was brought on September 6, 1945, by Chester Bowles, Price Administrator, Office of Price Administration, under § 205(e) of the Emergency Price Control Act. It was asserted in the complaint that the defendants (appellees) were engaged in the business of selling watches at wholesale, and that they "charged and collected from their various customers between September 6, 1944, and December 13, 1944, sums in excess of the allowable maximum prices established by such Orders [orders of the Office of Price Administration No. L-5445 and No. L-5899] covering the sales of the various watches in the amount of $19,010.-69." Judgment for three times the amount of this overcharge was prayed for.

Chester Bowles resigned as Price Administrator, effective February 25, 1946, and Paul A. Porter became his successor on the following day. On August 23, 1946, Porter filed a motion in the District Court to be substituted for Bowles as plaintiff. This motion was noticed for hearing on August 28, 1946, which was more than six months after Porter had taken office. On November 1, 1946, the District Court entered an order denying Porter's motion and sustaining a motion of the defendants for the abatement and dismissal of the action. Porter ceased to hold the office of Price Administrator on December 12, 1946, and was succeeded by Philip B. Fleming, Temporary Controls Administrator, under Executive Order 9809, 50 U.S.C.A.Appendix, § 601 note, 11 F.R. 14281. The latter, on January 20, 1947, moved that he be substituted for Porter as plaintiff. The District Court heard Fleming's motion for substitution on January 24, 1947, but reserved its ruling. Fleming, on January 29, 1947, appealed to this Court from the order of November 1, 1946, denying Porter's motion for substitution, and dismissing the action.

On June 18, 1947, the United States Attorney for the Western District of Missouri filed in this Court a motion to substitute the United States as appellant, on the ground that by Executive Order 9842, 50 U.S.C.A.Appendix, § 925 note, 12 F.R. 26-46, the Attorney General had been vested with authority to maintain this action in the name of the United States. This motion and objections thereto, together with a motion of appellees to dismiss the appeal, were passed for consideration by this Court at the submission of the appeal on the merits.

The contentions now made by Government counsel, that the United States was at all times the real party in interest, that

---

[1] Rule 25(d) provides:

"Public Officers; Death or Separation from Office. When an officer of the United States, the District of Columbia, a state, county, city, or other governmental agency, or any other officer specified in the Act of February 13, 1925, c. 229, § 11 (43 Stat. 941) U.S. C., Title 28, § 780, is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it. Substitution pursuant to this rule may be made when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States. Before a substitution is made, the party or officer to be affected, unless expressly assenting thereto, shall be given reasonable notice of the application therefor and accorded an opportunity to object."

Bowles and those who succeeded to the powers and authority of the office of Price Administrator were nominal parties, and that compliance with Rule 25(d) of the Federal Rules of Civil Procedure is not a condition precedent to the continued maintenance of this action, were first made in this Court. It is apparent that both Porter and Fleming, in applying to the District Court for substitution, assumed that compliance with Rule 25(d) was required.

■ Ordinarily this Court will not consider a question which was not presented to or passed upon by the District Court (Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981 and cases cited), but this rule does not preclude the Court from correcting a plain error, particularly in a case in which the public interest is involved. If compliance with Rule 25(d) of the Federal Rules of Civil Procedure is not required for the continued maintenance of a case such as this, the District Court obviously erred in dismissing this action, even though it cannot justly be criticized for doing so.

Rule 25(d) of the Federal Rules of Civil Procedure superseded § 780, Title 28 U.S.C.A., which does not differ materially from the Rule. The appellees interpret the Rule as though it read: "When an officer of the United States * * * is a party to an action and during its pendency dies, resigns, or otherwise ceases to hold office, the action may not be continued and maintained by or against his successor, and shall be dismissed by the court, unless within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it." The Government reads the Rule as though it provided: "When an officer of the United States * * * is a party to an action of such a nature that it will abate upon his separation from office, and during its pendency he dies, resigns, or otherwise ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it."

■ The purpose of the Rule, like that of the statute which it superseded, was to provide for the continuance of an action, personal in character, brought by or against a public officer, where a substantial need for continuing the action existed and the action could not, without statutory authority, be maintained against his successor after the officer had ceased to hold office. The statute therefore was intended to cover only such actions, to which a public officer was a party, as would abate upon his separation from office. The need for the statute did not arise out of the death or resignation of Government officers who had brought actions on behalf of the Government. Such a statute was needed because the Supreme Court had ruled, in a number of cases, that actions brought against public officers to compel personal performance of their official duties could not be continued as against their successors, even though the successors consented. See Thompson v. United States, 103 U.S. 480, 484, 485, 26 L.Ed. 521; United States ex rel. Bernadin v. Butterworth, 169 U.S. 600, 605, 18 S.Ct. 441, 42 L.Ed. 873; Murphy v. Utter, 186 U.S. 95, 100, 101, 22 S.Ct. 776, 46 L.Ed. 1070; referring to c. 121, 30 Stat. 822, 28 U.S.C.A. § 780; Ex Parte La Prade, 289 U.S. 444, 456-458, 53 S.Ct. 682, 77 L.Ed. 1311. The Supreme Court recognized that there were cases brought against public officials which did not abate upon their retirement from office, such as an action against a municipal board and its members, charged with the performance of a continuing public duty. Murphy v. Utter, supra, pages 101-103 of 186 U.S., pages 778, 779 of 22 S.Ct., 46 L.Ed. 1070; United States ex rel. Bernadin v. Butterworth, supra, pages 603-604 of 169 U.S., page 442 of 18 S.Ct., 42 L.Ed. 873. In Thompson v. United States, supra, 103 U.S. 480, 484, 26 L.Ed. 521, it was held that a suit against township clerk, which in reality was a suit against the township to enforce collection of a judgment, did not abate upon the resignation of the clerk.

■ We are convinced that Rule 25(d) of the Federal Rules of Civil Procedure was not promulgated for the purpose of hampering the Government in its efforts,

through its proper officers, to enforce its laws or to obtain judgment for money rightfully due it or for statutory damages. The Rule was never intended to relieve defendants, in actions brought on behalf of the Government, of their statutory liability to the Government.

█ We think that Rule 25(d) is no broader than the reason for it, and that this action may still be maintained, notwithstanding the failure of Bowles' successors to comply with the Rule. The Price Administrator was authorized by § 205(e) of the Emergency Price Control Act to bring the action "on behalf of the United States." He was not authorized to bring it on his own behalf. The right and duty to institute and maintain the action attached to the office and not to the individual who happened to be holding the office at the time the action was brought. We think that the action survived the resignation of Bowles as Price Administrator and was unaffected by that event.[2] The duty and authority to continue this action on behalf of the Government devolved upon Porter as the successor to Bowles, and then upon Fleming as successor to Porter, and finally upon the Attorney General, who was authorized to maintain it in the name of the United States. The action was, however, in substance and reality, at all times a controversy between the Government and the appellees. The only purpose of substitution in such a case is to keep the record straight so that the judgment finally entered will unquestionably bind the right parties. Such a substitution, we think, amounts to nothing more than a formal amendment to the title of the action to conform it to the truth.

It is true that the opinion of the Supreme Court in the case of Fleming v. Mohawk Wrecking &. Lumber Co., 331 U.S. 111, 67 S.Ct. 1129, indicates that Rule 25(d) is applicable to an action such as this. In that case, the court said (331 U.S. at page 119, 67 S.Ct. at page 1133):

"For these reasons Fleming is a successor in office of Porter and may be substituted as a party under Rule 25, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The rule requires a showing of 'substantial need' for continuing and maintaining the action. Though most of the controls have been lifted, the Act is still in effect. Liabilities incurred prior to the lifting of controls are not thereby washed out. United States v. Hark, 320 U.S. 531, 536, 64 S.Ct. 359, 362, 88 L.Ed. 290; Utah Junk Co. v. Porter, 328 U.S. 39, 44, 66 S.Ct. 889, 892 [90 L.Ed. 1071]; Collins v. Porter, 328 U.S. 46, 49, 66 S.Ct. 893, 894 [90 L.Ed. 1075]. And Congress has explicitly provided that accrued rights and liabilities under the Emergency Price Control Act are preserved whether or not suit is started prior to the termination date of the Act. If investigation were foreclosed at this stage, such rights as may exist would be defeated, contrary to the policy of the Act."

The court in that case, however, did not have before it the question whether noncompliance with the Rule would have precluded the further maintenance of the action.

To hold that this action abated upon the resignation of Chester Bowles as Price Administrator and was no longer maintainable because of the noncompliance by his successors with Rule 25(d), would, in our opinion, be to glorify form over substance and reality.[3]

The motion of the United States to be substituted as appellant is granted. The order appealed from is vacated, and the District Court is directed to try this case upon the merits.

---

[2] See and compare, Porter v. Maule, 5 Cir., 160 F.2d 1, 3; United States v. Koike, 9 Cir., 164 F.2d 155, 156, 157; Bowles v. Ell–Carr Co., D.C.S.D.N.Y., 71 F.Supp. 482; Porter v. American Distilling Co., Inc., D.C.S.D.N.Y., 71 F. Supp. 483, 487–489; Bowles v. Goldman, D.C.W.D.Pa., 7 F.R.D. 12, 17; and (contra) Bowles v. Ohlhausen, D.C.N.D. Ill., 71 F.Supp. 199; Bowles v. Seigel, D.C., D.C., 7 F.R.D. 331, 332, 333.

[3] Compare, Thompson v. United States, 103 U.S. 480, 484, 26 L.Ed. 521; Porter v. Maule, 5 Cir., 160 F.2d 1, 3; United States v. Koike, 9 Cir., 164 F.2d 155, 157.