BOWLES, Administrator, Office of Price Administration, v. WILKE.

No. 9640.

United States Court of Appeals Seventh Circuit.

May 16, 1949.

---

Otto Kerner, Jr., U. S. Attorney, John P. Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellant.

Cushman B. Bissell, Theodore C. Diller, and James J. Lewis, Chicago, Ill., for appellee.

Before MINTON and DUFFY, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

In May, 1945, Chester A. Bowles, as Administrator of the Office of Price Administration, brought this suit against defendants charging violation of the maximum price regulations in the sale of certain commodities above maximum prices and seeking to recover treble damages on account of such violation. On February 26, 1946, Paul Porter succeeded Bowles as Price Administrator and served until December 12, 1946, whereupon he was, in turn, succeeded by Philip B. Fleming as Temporary Controls Administrator, who served until June 1, 1947. Neither Porter nor Fleming ever applied to the court to be substituted plaintiff for Bowles. The President, on April 23, 1947, by Executive Order 9841, 50 U.S.C.A. Appendix, § 601 note, 12 F.R. 2645, terminated the Office of Temporary Controls as of June 1, 1947, and issued Executive Order 9842, 50 U.S.C.A. Appendix, § 925 note, 12 F.R. 2646, effective June 1, 1947, under which the Attorney General was authorized in the name of the United States to conduct, initiate, maintain or defend actions under the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq.

The first application for substitution was made June 5, 1947, at which time the United States Attorney moved to substitute the United States as plaintiff. Thereupon, defendants, on June 10, 1947, moved to "dismiss or abate" the action on the ground that, inasmuch as Porter as successor to Bowles had failed and neglected within six months after he took office as Price Administrator to show satisfactorily to the court that there was need for maintaining and continuing this cause of action and to

move to be substituted as plaintiff, the action had abated. On June 10, the Government's motion to substitute and defendants' motion to dismiss or abate the action came on for hearing before Judge Shaw who granted the Government's motion but made no ruling upon defendants' motion. Thereafter, the cause was transferred to the calendar of Judge Campbell, who took under consideration the motion of defendants to dismiss, and, on January 8, 1948, vacated the order allowing the United States to be substituted as party plaintiff because Bowles' successor had not applied for substitution within the time limited by 25(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. held that the action had thereupon abated and dismissed it. This appeal followed.

Rule 25(d) of the Federal Rules of Civil Procedure provides that "When an officer of the United States * * * or other governmental agency * * * is a party to an action and during its pendency * * * ceases to hold office, the action may be continued and maintained by or against his successor, if within 6 months after the successor takes office it is satisfactorily shown to the court that there is a substantial need for so continuing and maintaining it." In granting defendants' motion to dismiss or abate the action, Judge Campbell held that, in view of the fact that Porter, as successor to Bowles, had held office for more than six months and had never applied for substitution as plaintiff, the action had abated; that thereafter it could not be revived by appointment of a successor and that, for this reason, the defendants' motion to dismiss should be granted. Thus it is apparent that the only basis for the dismissal upon which the District Court acted was the premise that by the failure of the successor of the original plaintiff to apply for substitution within the period prescribed by the rule, the action had abated and could not, therefore, be maintained by any successor agency or by the United States.

The Government suggests that it was improper for Judge Campbell to set aside the order of substitution previously granted by Judge Shaw; that Judge Shaw's order had become "the law of the case," and should not have been set aside by another Judge later sitting in the same cause.

This court in Connett v. City of Jerseyville, 7 Cir., 110 F.2d 1015, 1018, said: "The expressions of the Supreme Court and of inferior federal courts leave no question that federal courts do not apply the doctrine of 'the law of the case' as a rule of law limiting the power of the court to reopen what has been decided but rather as an expression of 'the practice of courts generally to refuse to reopen what has been decided.' * * *" This utterance is in keeping with the decision of the Supreme Court in Messinger v. Anderson, 225 U.S. 436, at page 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152, where the court announced: "In the absence of statute the phrase, 'law of the case,' as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." The record discloses that Judge Shaw and the parties considered the original substitution order as interlocutory until such time as the question could be briefed and a hearing had. We think it beyond question that as to interlocutory orders entered in the District Court, the trial judge himself or any judge succeeding him in the disposition of a pending cause may vacate any such prior order. The only restraint upon a second judge in passing upon an interlocutory issue decided by another judge in the same case is one of comity only, which in no way infringes upon the power of the second judge to act.

Defendants contend that the order of dismissal was a ruling upon a matter in abatement which may not be reversed by this court for the reason that Section 2105 of the new Judicial Code, 28 U.S.C.A. § 2105, provides that "There shall be no reversal in the Supreme Court or a court of appeals for error in ruling upon matters in abatement which do not involve jurisdiction." Except for changes in phraseology, this section is a substantial reenactment of Section 879, Title 28 U.S.C.A.

"Abatement at law is the overthrow or destruction of a pending action

apart from the cause of action." 1 C.J.S., Abatement and Revival, § 1. It is "The overthrow of an action * * * which defeats the action for the present, but does not debar the plaintiff from commencing it in a better way." Bouv. Law Dict., Rawle's Third Revision, page 7. This seems to us to be the sense in which the word "abatement" is used in this statute. In McHie v. McHie, 7 Cir., 78 F.2d 351, this court discussed the cases construing and applying this statute. From what was there said, it is clear that if the decision of the District Court in the case at bar was based on a matter in abatement not involving jurisdiction, the statute forbids a reversal by this court, irrespective of the correctness of the ruling.

The sole issue presented to the District Court by defendants' motion to "dismiss or abate" the action was whether the action had abated due to the failure of Bowles' successor to make timely application for substitution. In deciding this issue, we think the court was unquestionably ruling upon a matter in abatement which did not involve jurisdiction. As the Supreme Court said in Fix, Collector of Internal Revenue v. Philadelphia Barge Co., 290 U. S. 530, 54 S.Ct. 270, 271, 78 L.Ed. 481, "Failure to comply with the statute (i.e. failure of a successor collector to make timely application for substitution (Section 780 Title 28 U.S.C.A.) forecloses the particular remedy therein provided; it does." not destroy the right." So here, the District Court destroyed the pending action, but not the cause of action. In holding that the action had abated, the court had to determine first that the provisions of Rule 25(d) applied to Bowles' successor. If the court erred in its conclusion, it committed an error in ruling upon a matter in abatement which we are precluded by statute from reviewing. Accordingly the appeal must be dismissed.

In view of the fact that the Supreme Court might disagree with this conclusion, we think it proper to determine the correctness of the ruling below, for, although there is some disagreement in the decisions, we think the District Court correctly held that the action had abated.

As previously noted, Rule 25(d) provides that when an officer of the United States is a party to an action, and ceases to hold office, the action may be continued by or against his successor, if within six months after the successor takes office a substantial need for continuing the action is shown. This rule contains in substance the provisions of the Act of February 13, 1925, 28 U.S.C.A. § 780. That statute was enacted originally in 1899 to avoid the effect of the decision in United States v. Butterworth, 169 U.S. 600, 18 S.Ct. 441, 42 L.Ed. 873, where it was held that in the absence of a statute to the contrary an action against an officer of the United States abated upon his resignation. The Supreme Court had occasion to pass upon Section 780 in the case of Fix, Collector of Internal Revenue v. Philadelphia Barge Co., 290 U.S. 530, 54 S.Ct. 270, 271, 78 L.Ed. 481. There, a Collector of Internal Revenue sued upon a bond for the payment of income taxes by the Barge Company. The obligee was Ephraim Lederer, Collector of Internal Revenue when the bond was executed, "or his successors." While the suit was pending, the Collector resigned; his successor failed to substitute himself as party plaintiff within six months. In holding that the action abated—that Section 780 destroyed the remedy, but not the cause of action—the court said: "The act is purely remedial, designed to remove what this court in the Butterworth case called an 'inconvenience.' Failure to comply with the statute forecloses the particular remedy therein provided; it does not destroy the right. There is a clear difference between the action and the cause of action. *Revival of the action is necessary because that does not survive the death or resignation of the officer by or against whom it has been brought."* (Emphasis ours.) Since Rule 25(d) is based on Section 780, it would seem to call for the same construction.

The Government seeks to avoid the rule by insisting that it applies only to cases involving personal actions against governmental officers, and not to actions brought by such officers for the ultimate benefit of the United States; that the United States was always the "real party in interest," and,

consequently, no substitution was required. But, in the *Fix* case, it could as truly have been said that the United States was the "real party in interest," in that any recovery on the bond would have inured to the benefit of the United States and not to the Collector personally. The same is true of most actions brought by an agent or arm of the United States government. In other words, to argue that the Administrator was only a nominal plaintiff; that the United States was the real party in interest, and hence that there was no need for the Administrator's successors to comply with the rule, is to beg the question. The fact remains that the Emergency Price Control Act provided that such actions were to be instituted and maintained by the Administrator, and the plain language of the rule calls for its application to those cases.

Recent decisions of the Supreme Court fortify our conclusion. In Fleming, Temporary Controls Administrator, v. Mohawk Wrecking and Lumber Co., 331 U.S. 111, at page 119, 67 S.Ct. 1129, 1133, 91 L.Ed. 1375, the court said: " * * * Fleming is a successor in office of Porter and may be substituted as a party under Rule 25, Rules of Civil Procedure. * * * *The rule requires a showing of 'substantial need' for continuing and maintaining the action."* (Emphasis ours.) In Defense Supplies Corporation and Reconstruction Finance Corporation v. Lawrence Warehouse Company et al., 336 U.S. 631, 69 S.Ct. 762, 764, while an action commenced by Defense Supplies Corporation was pending, a statute was passed dissolving it, transferring all its functions to Reconstruction Finance Corporation, and providing that "No suit, action or other proceeding lawfully commenced by or against" Defense Supplies Corporation "shall abate * * * but the court, on motion or supplemental petition filed at any time within twelve months after" July 1, 1945, showing necessity for survival "may allow the same to be maintained by or against the Reconstruction Finance Corporation." 59 Stat.

310, 15 U.S.C.A. § 611 note. Concerning Reconstruction Finance's failure to apply for substitution within the twelve months period, the Supreme Court said: "We agree with the Court of Appeals that the motion to substitute Reconstruction Finance was out of time. The statute provides for substitution during the year after July 1, 1945, and Reconstruction Finance's motion was presented to the court below on March 2, 1948. *We do not think Congress intended a gesture of futility when it stated a twelve-month period for substitution. * * * If Reconstruction Finance is not substituted within one year, the action by or against Defense Supplies is * * * at an end and the parties are left in statu quo; * * *."* (Emphasis ours.)

■ In the face of this pronouncement, we are not justified in saying that the six months substitution provision was intended as a gesture of futility. The rule clearly applied, it was not complied with, and so the action abated. Bowles v. Ohlhausen, D.C.Ill., 71 F.Supp. 199; Bowles v. Seigel D.C.D.C., 7 F.R.D. 331; Bowles v. Mittleman, Or., 191 P.2d 372.

The Government has cited cases as being contrary to this conclusion. Examination of these cases shows that in United States v. Koike, 9 Cir., 164 F.2d 155; Porter v. Maule, 5 Cir., 160 F.2d 1; United States v. Hirahara, 9 Cir., 164 F.2d 157; Bowles v. Goldman, D.C.Pa., 7 F.R.D. 12; Bowles v. Ell-Carr Co., Inc., D.C.N.Y., 71 F.Supp. 482; and United States v. Saunders Petroleum Co., Inc., D.C.Mo., 7 F.R.D. 608, the rule was complied with. In Fleming v. Goodwin, 8 Cir., 165 F.2d 334, certiorari denied 334 U.S. 828, 68 S.Ct. 1338, the court concluded that non-compliance with the rule did not abate the action.[1] However, it is interesting to note that the Administrator's successor did file a motion for substitution within the six months period. Hearing on the motion did not occur until after six months had expired. Under these circumstances, it seems apparent that there was no failure to comply with the rule. In

---

[1] For other cases holding that the action does not abate, in which the courts relied upon the opinion in Fleming v. Goodwin, supra, see Ralph D'Oench Co. v. Woods, 8 Cir., 171 F.2d 112; Seven Oaks, Inc., v. Federal Housing Administration, 4 Cir., 171 F.2d 947; Fleming v. Peoples Natural Gas Co., D.C.Pa., 8 F.R.D. 42; and United States v. Figur, D.C.Minn., 80 F.Supp. 140.

**40**

Northwestern Lumber & Shingle Co. v. United States, 10 Cir., 170 F.2d 692, the court stated that non-compliance with Rule 25(d) would not abate the action. But again, it should be observed that at the time judgment was entered the Administrator's successor had complied. The judgment remained valid irrespective of anything that happened thereafter. Defense Supplies Corporation and Reconstruction Finance Corporation v. Lawrence Warehouse Company et al., supra.

In view of the expressions of the Supreme Court in the cases of Fix v. Philadelphia Barge Co., supra; Fleming v. Mohawk Wrecking & Lumber Co., supra, and Defense Supplies Corporation et al. v. Lawrence Warehouse Co., supra, we think the cases cited by the government are not persuasive, and that the District Court correctly held that the action had abated.

For the reasons expressed earlier in this opinion, the appeal is dismissed.