CHARLES A. JACKSON, ADMINISTRATOR OF THE ESTATE OF LOUISA JACKSON, DECEASED v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY, DULUTH, WINNIPEG & PACIFIC RAILWAY COMPANY, DULUTH & NORTHEASTERN RAILROAD COMPANY, CLOQUET LUMBER COMPANY, THE NORTHERN LUMBER COMPANY, AND JOHN BARTON PAYNE, AGENT DESIGNATED BY THE PRESIDENT UNDER TRANSPORATION ACT, 1920.[1]

April 13, 1923.

No. 23,461.

Dismissal of action without prejudice against agent of the President who had resigned.

    Prior to the Act of Congress of March 3, 1923, the substitution for the agent of the President, under the Transportation Act of 1920, of his successor in office within one year after the appointment of such successor, was required to be made as directed by chapter 121, 30 U. S. St. 822. If not so made, there was an abatement of an action pending against an agent of the President who had resigned. Judgment for the dismissal of the action for plaintiff's failure to have such substitution made within the time allowed was properly entered, but does not prejudice plaintiff's right to renew his application as authorized by the Act of March 3, 1923.

[1]Reported in 193 N. W. 128.

Action in the district court for St. Louis county by the administrator of the estate of Louisa Jackson, deceased, to recover $7,500 for the death of his intestate caused in a forest fire for which defendants were responsible. Plaintiff's motion to amend the complaint by bringing in the Great Northern Railway Company was denied by Magney, J., also his motion to substitute James C. Davis, as agent designated by the President under the Transportation Act of 1920. The motion for dismissal of the action as to John Barton Payne was granted. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*James Manahan, Lathers & Hoag, J. A. Fesenbeck* and *Frank Yetka,* for appellant.

*Baldwin, Baldwin, Holmes & Mayall,* for respondent.


LEES, C.

This is an action of the same nature as Granquist v. Payne, supra, page 217. The same motion to amend was made and denied. Then followed a motion to substitute James C. Davis as agent of the President in the place of John Barton Payne, which was also denied, and a motion by the latter for a dismissal of the action as to him, which was granted. Judgment of dismissal being entered, plaintiff appealed therefrom. The appeal presents a question not involved in Granquist v. Payne. It is this: An Act of Congress of February 8, 1899 (chapter 121, 30 U. S. St. p. 822), reads thus:

"No suit, action, or other proceeding lawfully commenced by or against the head of any department or bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement or resignation, or removal from office, but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions involved, may allow the same to be maintained by or against his successor in office, and the court may make such order as shall be equitable for the payment of costs."

John Barton Payne resigned as agent of the President on March 4, 1921, and James C. Davis was appointed as his successor on March 28, 1921. The motion to substitute was not made within one year thereafter. It came too late to prevent an abatement of the action as to the agent of the President, and hence the court was right in granting his motion to dismiss. LeCrone v. McAdoo, 253 U. S. 217, 40 Sup. Ct. 510, 64 L. ed. 869; Payne v. Stevens, 260 U. S. 705, 43 Sup. Ct. 165, 66 L. ed. 165; U. S. Ry. Admn. v. Slatinka, 260 U. S. 747, 43 Sup. Ct. 247, 67 L. ed. ——.

By Act of Congress of March 3, 1923, parties to actions brought against the agent of the President were given the right to apply for and obtain a substitution of the agent's successor in office at any time within one year from the date of the act, notwithstanding the fact that they had neglected to make such application within the time limited by the Act of February 8, 1899. Plaintiff may avail himself of the right so conferred, and hence as to this phase of the case there is presented but little more than a moot question. The law as it stood when the dismissal was ordered and when judgment was entered required the disposition of the matter which the court ordered. Plaintiff is not entitled to a reversal, but he may proceed under the newly-enacted statute. The order and judgment should not be held to prejudice his right to do so.

With respect to the order denying plaintiff's motion to amend the complaint, what we have said in Granquist v. Payne is applicable and disposes of that feature of the case.

The judgment is affirmed without prejudice to plaintiff's right to renew his application for substitution in the court below as above indicated.