Argued February 17; affirmed March 23, 1948
BOWLES, Administrator, O. P. A. *v.* MITTLEMAN
ET AL. and FLEMING, Administrator, Office
of Temporary Controls
191 P. (2d) 372

*Roy C. Fox,* Litigation Unit Attorney, Office of

Rent Control, of Seattle, argued the cause for appellant. On the brief were N. Ray Alber, Area Rent Attorney, of Portland, John E. Hedrick, Chief, Rent Enforcement Division, of Seattle, and E. D. Dupree, Jr., Assistant General Counsel, Rent Control, Hugo V. Prucha, Director, Rent Enforcement, Irving M. Gruber, Chief, Litigation Branch, and Jacob W. Rosenthal, Special Appellate Attorney, Office of Rent Control, all of Washington, D. C.

*James C. Dezendorf,* of Portland, argued the cause for respondents. With him on the brief were Koerner, Young, Swett & McColloch, of Portland.

Before Rossman, Chief Justice, Kelly, Bailey, Brand and Hay, Justices.

BAILEY, J.

This action was commenced on the 14th day of December, 1944, by Chester Bowles, Administrator of the Office of Price Administration, against

Harry Mittleman and Helen Rena Mittleman, doing business as Sovereign Hotel Apartments, to recover statutory damages for overceiling rents allegedly collected by defendants in violation of the provisions of the applicable rent regulations. It was brought pursuant to § 205 (e) of the Emergency Price Control Act (56 Stat. 23) as amended by 58 Stat. 632 (50 U. S. C. App. Supp. V, 901 et seq.), which provides as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees * * * plus whichever of the following sums is the greater; (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based * * *, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine; * * * For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year

period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. * * *"

Chester Bowles, plaintiff in the action, resigned as Administrator of the Office of Price Administration, and Paul A. Porter succeeded him as Administrator on February 26, 1946. Thereafter, and on December 12, 1946, Paul A. Porter, Administrator of the Office of Price Administration, resigned, and the President of the United States, by Executive Order 9809, abolished the Office of Price Administration, created the Office of Temporary Controls, and appointed Philip B. Fleming as Administrator thereof, and vested him with all the functions of Administrator of the Office of Price Administration.

On February 10, 1947, Philip B. Fleming, Administrator of the Office of Temporary Controls, filed a motion in the circuit court asking that he be substituted as plaintiff in the place and stead of Chester Bowles, Administrator of the Office of Price Administration. The court denied the motion and dismissed the action. From this order Philip B. Fleming, Administrator of the Office of Temporary Controls, has appealed.

After this appeal was taken, and on August 19, 1947, Frank R. Creedon, Housing Expediter, Office of Housing Expediter, filed a motion in this court requesting that he be substituted as appellant "in the place and stead of Philip B. Fleming, Temporary Controls Administrator, Office of Temporary Controls," and thereafter and on the 6th day of February,

1948, a petition was filed by Tighe E. Wood, Housing Expediter, asking the court to substitute him as appellant in the place and stead of Philip B. Fleming, Administrator, Office of Temporary Controls. No action has been taken on these two last-mentioned motions.

The circuit court relied on the provisions of § 780 of Title 28, U. S. C. A., (43 Stat. 941) in denying the motion for substitution of party plaintiff and in dismissing the action. This section, so far as material here, is as follows:

"Where, during the pendency of an action, suit, or other proceeding brought by or against an officer of the United States, * * * and relating to the present or future discharge of his official duties, such officer dies, resigns, or otherwise ceases to hold such office, it shall be competent for the court wherein the action, suit, or proceeding is pending, whether the court be one of first instance or an appellate tribunal, to permit the cause to be continued and maintained by or against the successor in office of such officer, *if within six months after his death or separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved.*" (Italics supplied.)

The enactment of the foregoing section was prompted by a suggestion made by the court in *United States, ex rel. Bernardin v. Butterworth,* 169 U. S. 600, 42 L. Ed. 873, 18 S. Ct. 441. In that case Bernardin instituted mandamus proceedings in the Supreme Court of the District of Columbia to require Benjamin Butterworth, Commissioner of Patents, to issue a patent to him. A similar proceeding had been brought against John S. Seymour, Butterworth's predecessor,

but that action abated upon Seymour's death. Bernardin's petition against Butterworth was denied by the Supreme Court of the District of Columbia and that decision was, on appeal to the Court of Appeals of the District, affirmed. Thereafter a writ of error was allowed by the Supreme Court of the United States and while the case was there pending Butterworth died and C. H. Duell was appointed to fill the vacancy. A motion was then made "for leave to substitute Duell in the stead of Butterworth, notwithstanding that by the death of the latter the action had abated." It was held by the Supreme Court (1) that the office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent, (2) that the writ does not reach the office, and (3) it is therefore a personal action which abates upon the death or resignation of the officer in the absence of any statutory provision to the contrary. The court refused to grant the motion for substitution and remanded the cause with directions to dismiss the petition for writ of mandamus. The opinion concludes with the following statement:

"In view of the inconvenience, of which the present case is a striking instance, occasioned by this state of the law, it would seem desirable that Congress should provide for the difficulty by enacting that, in the case of suits against the heads of departments abating by death or resignation, it should be lawful for the successor in office to be brought into the case by petition, or some other appropriate method."

The court, in *Fix, Collector of Internal Revenue, v. Philadelphia Barge Co. et al.*, 290 U. S. 530, 78 L. Ed. 481, 54 S. Ct. 270, pointed out that the purpose of § 780, *supra*, as explained in the House committee report and by the member of the House who reported

the bill from the committee, was "to permit the suit to survive and avoid the necessity of compelling a party to commence a new action against the successor in office." The opinion then proceeds as follows:

"The act [§ 780] is purely remedial, designed to remove what this court in the Butterworth case called an 'inconvenience.' Failure to comply with the statute forecloses the particular remedy therein provided; it does not destroy the right. There is a clear difference between the action and the *cause* of action. Revival of the action is necessary because that does not survive the death or resignation of the officer by or against whom it has been brought; but the cause of action may survive, depending upon its nature and the applicable rule. [Citing numerous authorities.] The vice of the ruling below, and of the argument here in support of it, is the failure to give effect to this distinction. The present bond runs to each successor, as it ran to the original obligee and with like effect; and, notwithstanding the termination of the latter's possession of the office, the cause of action which arose in his favor survives for appropriate enforcement by his several successors."

It was held by the District Court "that since one suit, brought by a successor of the original obligee, had abated by reason of the failure of the government to make substitution under the act of 1925 [§ 780], there resulted an abatement of the cause of action as well as of the writ." On the basis of such ruling, final judgment was entered against the collector, which judgment was affirmed by the Circuit Court of Appeals, and reversed by the Supreme Court.

We think that the appellant, in much of his argument, confuses abatement of the underlying cause of action with abatement of the particular action being prosecuted. It is not here contended by respondents

that the cause of action against them has abated but that the particular remedy provided by § 780, *supra,* for the substitution of the successor to Chester Bowles, as party plaintiff, has been foreclosed by failure to make application therefor within the time specified by statute. In this connection it will be noted that such application was not made until more than eleven months after the resignation of Chester Bowles as Price Administrator, whereas § 780 permits the cause to be continued "if within six months after his * * * separation from the office it be satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved."

We are concerned principally with the question whether a suit or action brought by "an officer of the United States", especially by the Administrator of the Office of Price Administration, "and relating to the present or future discharge of his official duties" survives upon his death or retirement from office unless there has been a compliance with the provisions of § 780, *supra.* A suit or action brought against an officer of the United States presents a somewhat different question. It has been consistently held by the United States Supreme Court that, in the absence of a statute providing for continuation against his successor, a suit or action against a federal officer abates upon his death or retirement from office. Anno., 102 A. L. R. 945; Anno., 66 L. Ed. 574 (U. S. S. Ct.). Such a suit or action, ordinarily for mandatory or preventive relief, is viewed as being against the officer personally, as the government cannot be sued.

Section 205 (e) of the Emergency Price Control Act, hereinbefore quoted, empowers the administrator of the Office of Price Administration to institute an

action on behalf of the United States against the "seller" to collect "not more than three times the amount of the overcharge, or the overcharges, upon which the action is based * * *, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine". Pursuant to the foregoing provisions of the act, all actions for overcharges have been brought by and in the name of the Administrator of the Office of Price Administration, or by his successors in office. The 2d Revised General Order No. 3, issued by Chester Bowles, Administrator, and effective September 7, 1944, provides that any attorney employed by the Office of Price Administration is authorized "to institute and/or intervene in, and to conduct appropriate civil actions or proceedings in the name of the Price Administrator". 9 Federal Register 11137.

The filing in the circuit court of the motion for the substitution of Philip B. Fleming, Temporary Controls Administrator, Office of Temporary Controls, and the filing in this court of the motions for the substitution as party plaintiff (1) by Frank R. Creedon, Housing Expediter, and (2) by Tighe E. Wood, Housing Expediter, are an acknowledgment that actions for overcharges are to be brought and prosecuted to final determination by the Price Administrator or his successor or successors in office, and that upon the separation of the Price Administrator, or any of his successors, from office, his successor should be substituted as party plaintiff. The Office of Temporary Controls, of which Philip B. Fleming was appointed Administrator by the President, was created by Executive Order 9809 (11 F. R. 14281) which order provides, among other things, that the "functions hereby vested in the Administrator shall be deemed to include the

authority to maintain in his own name civil proceedings relating to matters heretofore under the jurisdiction of the Price Administrator (including any such proceedings now pending)." Executive Order 9841 (12 F. R. 2645), which terminated the Office of Temporary Controls and transferred the functions thereof to the Housing Expediter, empowered the Housing Expediter to "institute, maintain, or defend in his own name civil proceedings in any court * * * relating to the matters transferred to him, including any such proceedings pending on the effective date of the transfer of any such function under this order."

Matters relating to the administration of the Emergency Price Control Act are under the control of the Administrator. The institution of actions of the nature of the one here involved is not under the supervision of the Department of Justice, but under the direction of attorneys employed by the Administrator.

██ The wording of § 780, *supra,* is clear and unambiguous and would appear to require no construction. The section applies to suits and actions brought *by* an officer of the United States as much as it does to suits and actions brought *against* an officer. In either instance in order for the suit or action to survive it must be "satisfactorily shown to the court that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved", which showing must be made within six months after the death or separation of the officer from his office. When Mr. Bowles instituted this action he did so as "an officer of the United States" and such action related "to the present or future discharge of his official duties". We fail to see how any officer of the United States can legally institute an action in his own name, although it may be for the

benefit of the United States, without doing so in discharge of his official duties.

In *Bowles v. Seigel,* 7 F. R. D. 331, an action was brought by Chester Bowles as Administrator of the Office of Price Administration for injunctive relief and for recovery of treble damages under the Emergency Price Control Act. He resigned and later Porter, who was appointed as his successor, resigned. At no time was there any substitution of Bowles's successor, "nor any showing made that there is a substantial need for so continuing and maintaining the cause of action and obtaining an adjudication of the questions involved." In granting the motion to dismiss, the court said:

"* * * It seems clear that, when an officer of the Government institutes an action relating to his duties as such officer, his successor is charged with the responsibility of determining whether or not such action should be continued, and if he so determines, it is his duty to make the showing required by the rule so that he may be substituted and may continue the action, and that, if he does not do so, the action cannot be continued and maintained. Certain decisions which support this view are cited in the margin."

The same question arose in *Bowles v. Ohlhausen,* 71 Fed. Supp. 199. Defendant's motion to dismiss on the ground that substitution of Bowles's successor had not been made within the six-months period required by § 780, *supra,* and rule 25 (d) of the Federal Rules of Civil Procedure, which rule is substantially the same as § 780, was allowed. We quote as follows from the court's opinion:

"Plaintiff argues that the real party plaintiff is the Office of Price Administration, that it is immaterial in whose name as Administrator an

action is brought, and that the need for an abatement act is limtied to situations involving the personal delinquency of government officers. I agree with the soundness of this reasoning, but I must conclude, not that this action does not abate, but that the act of Congress went beyond the need which it was passed to meet and has therefore led to a most unfortunate result in this case. For it cannot be denied that the statute applies to a proceeding brought by an officer of the United States, that this suit is a proceeding brought by Chester Bowles, Administrator of the Office of Price Administration, who is an officer of the United States, and that under the statute, the successor of Chester Bowles must within six months, show the court that there is substantial need for continuing the action in his name. Failure to comply with the statute abates the action.

" * * * If Congress had chosen a different solution to the problem of abatement of suits by government officers, or had chosen a different entity as party plaintiff in government suits to enforce the Price Control Act, this case could have been decided on the merits instead of on a technicality. And it should not be overlooked that alertness on the part of plaintiff's counsel in complying with the statute could have avoided this result. But I cannot read out of the statute the phrase which so clearly brings within its operation suits 'by * * * an officer of the United States' relating to the 'discharge of his official duties.' "

In the case of *Porter v. Koike,* 69 Fed. Supp. 441, there was a motion to substitute Philip B. Fleming, Temporary Controls Administrator, in the place of Paul A. Porter. The court, in denying the motion and dismissing the action, stated that "there has been no showing, satisfactory or otherwise, of a substantial need for continuing and maintaining these cases. There

is no question but what they were brought in good faith by the Price Administrator; but Rule 25 (d) requires more, for it speaks as of the time the action has abated.'' Plaintiff appealed to the Circuit Court of Appeals, 9th Cir., *United States v. Koike,* 164 F. (2d) 155, and to that court the United States attorney for the District of Hawaii submitted a motion on behalf of the United States of America ''for summary reversal of the decision of the district court and for substitution of the United States as party plaintiff.'' In permitting the substitution of the United States as plaintiff, the court stated: ''The second question before us is whether we should now permit the substitution of the United States as plaintiff. It must be observed that this is a different matter than that of substituting a 'successor in the office' under Rule 25 (d) and 28 U. S. C. A. § 780.''

*Fleming, Temporary Controls Administrator v. Mohawk Wrecking & Lumber Co.,* and *Raley, et al. v. Fleming, Temporary Controls Administrator,* 331 U. S. 111, 91 L. Ed. 1375, 67 S. Ct. 1129, 1133, involved the question whether Philip B. Fleming could be substituted as successor to Paul A. Porter without having his appointment as such successor confirmed by the United States Senate. It was held by the court that he had already been confirmed as Federal Works Administrator and that by virtue of § 2 of the Emergency Price Control Act he ''could be the lawful recipient through transfer by the President of the functions of other agencies as well.'' The court then said: ''For these reasons Fleming is a successor in office of Porter and may be substituted as a party under Rule 25, Rules of Civil Procedure, 28 U. S. C. A. following section 723c. The rule requires a showing of 'substantial need' for continuing and maintaining the action.''

*State of Oklahoma ex rel. McVey v. Magnolia Petroleum Co.,* 114 F. (2d) 111, was an action brought in the name of the state of Oklahoma on the relation of Bill Vassar, county attorney for Lincoln County, Oklahoma, to escheat lands. While the action was pending Vassar's term expired and he was succeeded in office by Frank McVey. More than six months having elapsed after Vassar ceased to be county attorney, and no substitution having been made, a motion was filed by the defendants to dismiss the action, which motion was allowed by the court. *State of Oklahoma ex rel. Phillips v. American Book Co.,* 144 F. (2d) 585, was an action by the State of Oklahoma on the relation of Leon C. Phillips, Governor of that state, to recover treble damages for alleged violations of the Sherman Anti-Trust Act. Governor Phillips's term expired on January 11, 1943, and his successor was Robert S. Kerr. On July 15, 1943, the defendants filed a motion "to dismiss the amended complaint" on the ground that Phillips's successor had not been substituted, and the motion was allowed and the action dismissed. Rule 25 (d) of the Rules of Civil Procedure of the District Court of the United States, 28 U. S. C. A., following § 723c, on which the court relied in dismissing the two last-mentioned actions, is substantially the same as paragraph (b) of § 780, *supra,* which extends the provisions of paragraph (a) of that section, hereinbefore quoted, to an action brought by or against an officer of a state or of a subdivision thereof "pending in a court of the United States at the time of the officer's death or separation from the office."

See also generally on the matter now under discussion the following: *Porter v. Woodruff,* 7 F. R. D. 391; *In re Creedon,* 7 F. R. D. 546; *Porter v. Pure Oil Co.,* 7 F. R. D. 577.

We shall now consider some of the authorities relied upon by the appellant. In *Bowles v. Goldman,* 7 F. R. D. 12, it is said: "In other words, the only question which the Court had for consideration at the time said motion was filed ex parte, since it was filed within six months after Paul A. Porter was appointed to succeed Chester Bowles, was whether or not there was a substantial need for continuing and maintaining the various actions which had been filed by Chester Bowles as Administrator of the Office of Price Administration." The real question involved in that case was whether it was necessary to give notice to defendants before substituting Porter as plaintiff in lieu of Bowles, and the court held that no such notice was required.

In *Porter v. Maule,* 160 F. (2d) 1; *Bowles v. Ell-Carr,* 71 Fed. Supp. 482; and *Porter v. American Distilling Co.,* 71 Fed. Supp. 483, substitution was made within the six-months period and therefore there was no question as to the action abating in any one of the three cases. What was said in some of those cases as to the United States being the real party in interest and the want of necessity for substitution was obiter.

The question of substitution was not involved in *Bowers v. American Surety Co.,* 30 F. (2d) 244. In that case an undertaking was given to Edwards, then Collector for New York, in favor of himself and his successors in office as obligees. Edwards was succeeded by Bowers and he instituted action on the bond, which the court held, over the objection of the defendant, that he had a right to do. It was stated by the court that had "Edwards sued the bond pending his term of office, the plaintiff could have been substituted upon his retirement".

The foregoing authorities relied upon by appellant, in support of his contention that it was not necessary that Bowles's successor be substituted as party plaintiff within six months of Bowles's separation from the Office of Price Administrator, do not involve that question for the reason that in all the cases involving a substitution of Bowles's successor the substitution was made within the six-months period.

Since this case was submitted the appellant has called our attention to *Fleming v. Goodwin*, 165 F. (2d) 334. In that case a motion was made by the United States to be substituted as appellant. The district court had held, *Porter v. Goodwin*, 68 Fed. Supp. 949, that in order to prevent an action brought by the Price Administrator from abating upon his resignation, it was necessary to make a showing to the court within six months from such resignation "that there is a substantial need for so continuing and maintaining the cause and obtaining an adjudication of the questions involved." Because of failure in the District Court to make such showing the action was dismissed. The Circuit Court of Appeals held that the United States was at all times the real party in interest, and that Rule 25 (d) of the Federal Rules of Civil Procedure had no application to a case of that nature. It granted the motion of the United States attorney for substitution of the United States as party plaintiff and reversed the order appealed from with directions to try the case on the merits.

It is further argued by appellant that the duty of bringing actions under the Emergency Price Control Act for treble damages devolved upon the Office of Price Administration and therefore the action did "not abate upon the retirement from office of" Bowles or his successor. In support of this contention numerous

authorities are cited to the effect "that if the action be brought against a continuing municipal board it does not abate by a change of personnel." None of the cases cited, however, were brought by or against an officer of the United States. Moreover, there is nothing in the law to indicate that it was the duty of the Office of Price Administration to bring this action.

■ The appellant in the oral argument before this court for the first time contended that the law of the state of Oregon relating to survival and abatement of actions was controlling here. We cannot concur in this contention. Section 780, *supra*, refers to officers of the United States and is not limited to cases in the federal court. *Lyman Flood Prevention Ass'n v. City of Topeka*, 152 Kan. 484, 106 P. (2d) 117; *Jackson v. Duluth, M. & N. Ry. Co.*, 155 Minn. 222, 193 N. W. 128; *Bowles v. Farmers Nat. Bank of Lebanon, Ky.*, 147 F. (2d) 425.

In our opinion the circuit court did not err in refusing to substitute Philip B. Fleming as plaintiff in lieu of Chester Bowles and in dismissing the action. To hold otherwise would be to ignore all of the provisions of § 780, *supra*, and the interpretation which has been placed by the courts upon the provisions of that section.

Other matters have been discussed by respondents but, due to the conclusion that we have reached, it is unnecessary to decide them. One of them involves the question whether Philip B. Fleming could prosecute this appeal when he was not a party to the action in the circuit court. We express no opinion on that question.

The judgment appealed from is affirmed. None of the parties to this action shall recover costs or disbursements. § 205 (c), Emergency Price Control Act, (56 Stat. 23).